No. 22–3338

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

THE ARC OF IOWA et al.,

Plaintiffs–Appellees,

vs.

KIM REYNOLDS, in her official capacity
as Governor of Iowa; ANN LEBO, in her official capacity
as Director of the Iowa Department of Education,

Defendants–Appellants,

ANKENY COMMUNITY SCHOOL DISTRICT et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of Iowa

## APPELLANTS' BRIEF

BRENNA BIRD
Attorney General of Iowa

SAMUEL P. LANGHOLZ
Chief Deputy Attorney General

ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
eric.wessan@ag.iowa.gov

ATTORNEYS FOR APPELLANTS

## SUMMARY OF THE CASE

Iowa Governor Kim Reynolds and Department of Education Director Ann Lebo appeal a declaratory judgment issued by the district court defining the scope of Iowa Code section 280.31. That statute sets Iowa education and public health policy by allocating authority over mask mandates in schools to the State rather than to local school districts. Despite the statute's savings clause, which allows a mask mandate if required by federal or other state law, the court reached the merits and declared that schools cannot solely rely on section 280.31 in declining to impose a mask mandate as a reasonable accommodation under the Americans with Disabilities Act and the Rehabilitation Act. It also declared that a mask mandate is a reasonable accommodation.

Iowa raises three issues on this appeal: first, whether Plaintiffs met the exhaustion requirements imposed by the Individuals with Disabilities Act ("IDEA"); second, whether Plaintiffs have Article III standing to sue, and third, whether the district court properly issued declaratory judgment in the case below.

This case raises important issues regarding potential conflicts between state and federal law. After almost two years of litigation and given the complex record, Iowa believes that this Court may benefit from oral argument of twenty minutes per side. That will allow time to discuss each of the three issues raised on appeal.

# TABLE OF CONTENTS

SUMMARY OF THE CASE ................................................................ i

TABLE OF AUTHORITIES .......................................................... iv

JURISDICTIONAL STATEMENT .................................................. 1

STATEMENT OF ISSUES ............................................................. 2

STATEMENT OF THE CASE ........................................................ 3

SUMMARY OF THE ARGUMENT................................................. 9

ARGUMENT ............................................................................... 12

I.   Plaintiffs' failure to exhaust under the IDEA precludes bringing ADA and Rehabilitation Act claims in district court. ................................................................... 15

II.  Plaintiffs failed to establish Article III standing. .................. 24

   A.   Declaratory judgment is not justified because section 280.31 does not prevent schools from complying with federal law. ...................................................... 25

      1.   There is no conflict between federal law and State law sufficient to justify declaratory relief. ................................................................ 25

      2.   Because the savings clause precludes a conflict between section 280.31 and federal law, Plaintiffs would not be afforded any relief from this action, and the district court's order should be vacated. ......................................................... 28

   B.   Plaintiffs abandoned the declaratory judgment they sought in their Complaint............................................... 31

Appellate Case: 22-3338     Page: 3     Date Filed: 03/03/2023 Entry ID: 5251411

III. Federal Law Does Not Require Schools to Have the Discretion to Impose Universal Mask Mandates. .................. 33

    C.  Section 280.21's Prohibition on Universal Mask Mandates is Neutral and Non-Discriminatory ............... 33

    D.  A Universal Mask Mandate Is Not a Reasonable Modification ....................................................... 36

    E.  Even if a Universal Mask Mandate Were a Reasonable Accommodation, Reasonable Accommodations Under the ADA Must Still Comply with State Law. .................. 41

CONCLUSION ................................................................ 43

CERTIFICATE OF COMPLIANCE ............................................. 45

CERTIFICATE OF SERVICE ...................................................... 45

Appellate Case: 22-3338    Page: 4    Date Filed: 03/03/2023 Entry ID: 5251411

# TABLE OF AUTHORITIES

Cases

*A.L. ex rel. Limkemann v. Jake's Fireworks, Inc.*,
456 F. Supp. 3d 1074 (S.D. Iowa 2020)....................................... 32

*Albertson's Inc. v. Kirkingburg*,
527 U.S. 555, 570 (1996) ............................................................. 42

*Alberty v. United States*,
54 F.4th 571 (8th Cir. 2022)........................................................ 27

*Arc of Iowa v. Reynolds*,
566 F. Supp. 3d 921 (S.D. Iowa 2021)...................................... 9, 13

*Arc of Iowa v. Reynolds*,
24 F.4th 1162 (8th Cir.)..........................................7, 9, 13, 15, 22

*Arc of Iowa v. Reynolds*,
2022 WL 898781 (8th Cir. Mar. 28, 2022) ............................... 7, 9

Arc of Iowa v. Reynolds,
33 F.4th 1042 (8th Cir. 2022).................................7, 9, 13, 25, 27

*Arc of Iowa v. Reynolds*,
2022 WL 16627483 (S.D. Iowa Nov. 1, 2022) ................................
...............................................................6, 8, 10, 11, 14, 22, 28, 31, 43

*Bey v. City of New York*,
999 F.3d 157 (2d Cir. 2021)........................................................ 42

*Buckles v. First Data Resources, Inc.*,
176 F.3d 1098 (8th Cir. 1999) .................................................... 39

*Crow v. Fabian*,
2010 WL 2464865 (D. Minn. Feb. 5, 2010) ............................... 32

*Davis v. Francis Howell Sch. Dist.*,
138 F.3d 754 (8th Cir. 1998) ..............................33, 34, 35, 36, 38

*DeBoard v. Bd. of Educ. of Ferguson-Florissant Sch. Dist.*,
126 F.3d 1102 (8th Cir. 1998) ............................................. 34, 36

*Digital Recognition Network, Inc. v. Hutchinson*,
803 F.3d 952 (8th Cir. 2015) ......................................... 28, 29, 30

*E.T. v. Paxton*,
19 F.4th 760 (5th Cir. 2021)...............................16, 17, 20, 23, 41

*Eustance v. Springfield Pub. Schs.*,
463 F. Supp. 3d  (D. Mass. 2020) .............................................. 42

Appellate Case: 22-3338     Page: 5     Date Filed: 03/03/2023 Entry ID: 5251411

*Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 161 (2017) ....................
............................................................ 15, 16, 17, 18, 20, 22, 23

*G.S. by and through Schwaigert v. Lee,*
    2022 WL 1560391 (W.D. Tenn. Mar. 28, 2022) ........................ 26

*Honig v. Doe,*
    484 U.S. 305 (1988) ............................................... 16

*Huber v. Wal-Mart Stores, Inc.,*
    486 F.3d 480 (8th Cir. 2007) ................................. 37, 41

*J.D. ex rel. J.D. v. Pawlet Sch. Dist.,*
    224 F.3d 60 (2d Cir. 2000) ........................................ 37

*J.M. v. Francis Howell Sch. Dist.,*
    850 F.3d 944 (8th Cir. 2017) ................................. 19, 23

*Lujan v. Def. of Wildlife,*
    504 U.S. 555 (1992) .......................................... 28, 29

*McElwee v. County of Orange,*
    700 F.3d 635 (2d Cir. 2012) ...................................... 41

*McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank,*
    11 F.4th 702, 708 (8th Cir. 2021) ................................ 15

*Md. Cas. Co. v. Pac. Coal & Oil Co.,*
    312 U.S. 270 (1941) .............................................. 28

*Mt. Hawley Ins. Co. v. HCS 410 Holdings, LLC,*
    2021 WL 1550352 (W.D. Tex. Apr. 20, 2021) ....................... 32

*Mobley v. St. Luke's Health Sys., Inc.,*
    53 F.4th 452, 455 (8th Cir. 2022) ................................ 15

*Nelson v. Charles City Cmty. Sch. Dist.,*
    900 F.3d 587 (8th Cir. 2018) ....................... 15, 16, 17, 18, 22, 23

*Off. of Sen. Sergeant at Arms v. Off. of Sen. Fair Empl. Practices,*
    95 F.3d 1102 (Fed. Cir. 1996) .................................... 42

*One Thousand Friends of Iowa v. Mineta,*
    364 F.3d 890 (8th Cir. 2004) ..................................... 30

*Pottgen v. Mo. State High Sch. Activities Ass'n,*
    40 F.3d 926 (8th Cir. 1994) .................................. 37, 38

*R. K. by and through J. K. v. Lee,*
    53 F.4th 995 (6th Cir. 2022) ..................................... 26

*Ringo v. Lombardi,*
    677 F.3d 793 (8th Cir. 2012) ..................................... 28

*Timothy H. v. Cedar Rapids Cmty. Sch. Dist.,*
    178 F.3d 968 (8th Cir. 1999) ................................. 34, 36

Appellate Case: 22-3338    Page: 6    Date Filed: 03/03/2023 Entry ID: 5251411

*US Airways v. Barnett*, 535 U.S. 391 (2002) ........................... 37, 42

*Winfrey v. City of Forrest City, Ark.*,
  882 F.3d 757 (8th Cir. 2018) .................................................... 31

*Wooten v. Farmland Foods*,
  58 F.3d 382 (8th Cir. 1995) ...................................................... 38

Statutes

20 U.S.C. § 1400(d)(1)(A) ............................................................. 16

20 U.S.C. § 1412(a)(1)(A) ............................................................. 16

20 U.S.C. § 1414(d) ....................................................................... 16

20 U.S.C. § 1415(l) .........................................................15, 16, 17, 18

28 U.S.C. § 1291 .............................................................................. 1

28 U.S.C. § 1292(a)(1) ..................................................................... 6

28 U.S.C. § 1331 .............................................................................. 1

28 U.S.C. § 1343(a)(4) ..................................................................... 1

29 U.S.C. § 794(a) ......................................................................... 34

42 U.S.C. § 12132 .......................................................................... 34

Iowa Code § 29C.6 .......................................................................... 35

Iowa Code § 135.144(3) ................................................................. 35

Iowa Code § 256B.2(2) .................................................................. 16

Iowa Code § 256B.4 ....................................................................... 16

Iowa Code § 256B.6 ....................................................................... 16

Iowa Code § 280.31 ... i, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 21, 22, 24, 25,
  26, 27, 28, 29, 31, 32, 33, 35, 38, 40, 43

U.S. Const. art. III .......................................................... 10, 24, 28

Rules

Fed. R. Civ. P. 56(a) ...................................................................... 31

Regulations

Iowa Admin. Code r. 281-41.321–.328 .......................................... 16

Iowa Admin. Code r. 281-41.506 ................................................... 16

Iowa Admin. Code r. 281-41.507–.518 .......................................... 16

Other Authorities

H.F. 847 ..................................................................................... 3, 31

Appellate Case: 22-3338    Page: 7    Date Filed: 03/03/2023 Entry ID: 5251411

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiffs' claims arise under laws of the United States—title II of the Americans with Disabilities Act, section 504 of the Rehabilitation Act, and the American Rescue Plan Act of 2021. The court also had jurisdiction over Plaintiffs' ADA and section 504 claims under 28 U.S.C. § 1343(a)(4) because they seek equitable relief under an Act of Congress providing for the protection of civil rights.

This Court has appellate jurisdiction under 28 U.S.C. § 1291. The district court issued its order on November 1, 2022, and Governor Reynolds and Director Lebo filed a timely notice of appeal from the order granting declaratory judgment on November 2, 2022. App. 1049–1050; R. Doc. 116.

— 1 —

# STATEMENT OF ISSUES

**I.** **Are parents who allege that their children are being deprived appropriate in-person education because of the lack of a universal mask mandate in their schools "seeking relief that is also available under the IDEA" and thus required to exhaust IDEA administrative remedies?**

*Fry v. Napoleon Cmty. Sch.*,
   580 U.S. 154, 161 (2017)

*J.M. v. Francis Howell Sch. Dist.*,
   850 F.3d 944 (8th Cir. 2017)

*Nelson v. Charles City Cmty. Sch. Dist.*
   900 F.3d 587 (8th Cir. 2018)

20 U.S.C. § 1415(l)


**II.** **Do parents who want universal mask mandates in their children's schools have standing to enjoin enforcement of a statute prohibiting schools from adopting mask mandates when the statute contains an exception permitting compliance with federal law?**

*One Thousand Friends of Iowa v. Mineta*
   364 F.3d 890, 892–93 (8th Cir. 2004)

*Digital Recognition Network, Inc. v. Hutchinson*
   803 F.3d 952, 958–59 (8th Cir. 2015)

*Arc of Iowa v. Reynolds*
   33 F.4th 1042 (8th Cir. 2022)

U.S. Const. art. III § 2


**III.** **Does federal disability law require schools to impose— or to have the discretion to impose—universal mask mandates?**

*Davis v. Francis Howell Sch. Dist.*,
   138 F.3d 754 (8th Cir. 1998)

*Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*,
   178 F.3d 968 (8th Cir. 1999)

*Buckles v. First Data Resources, Inc.*,
   176 F.3d 1098, 1100–02 (8th Cir. 1999)

## STATEMENT OF THE CASE

On May 20, 2021, Governor Reynolds signed legislation enacting Iowa Code section 280.31 into law. *See* Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Acts § 28 (codified at Iowa Code § 280.31), *available at* https://perma.cc/XM6Q-A3HX. The statute provides:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific extracurricular or instructional purpose, or is required by section 280.10 or 280.11 or any other provision of law.

Iowa Code § 280.31. Thus, while Iowa schools are generally prohibited from mandating masks, section 280.31 includes a savings clause authorizing mask-mandates when "required by . . . any other provision of law." *Id.*

During legislative debate on the statute, the House Education Committee Chair explained that since the start of the pandemic he had heard from more Iowans on masking in schools than on any other issue. House Video, Consideration of H.F. 847 (May 19, 2021, at 6:35:32, 7:11:50 PM), *available at* https://perma.cc/BD9B-2FZ6. In response to questioning from opponents about the possibility of

Appellate Case: 22-3338    Page: 10    Date Filed: 03/03/2023 Entry ID: 5251411

new, more dangerous variants needing mask mandates, *see, e.g.*, *id.* at 6:15:35 PM, he repeatedly explained that the Governor has the authority to impose mandates if she decides they become necessary. *See id.* at 6:18:50, 6:26:30; 7:09:50 PM. And some opponents of mask mandates pointedly asked—and criticized—section 280.31's exception that could allow a mask mandate when required by other law. *See id.* at 6:15:50.

Plaintiffs are eleven parents of children in Iowa public school districts and one nonprofit organization—The Arc of Iowa.[1] Their children have intellectual or physical disabilities that increase their risk associated with contracting COVID-19. And they believe that "[i]f everyone were wearing a mask," those harms could be avoided and "their children would be safe." App. 159; R. Doc. 17, at 12. They all have expressed their desire to "block" section 280.31 so that their schools could impose a universal mask mandate. *See* App. 95 ¶ 16; R. Doc. 3-3, at 4; App. 97 ¶ 14; R. Doc. 3-4, at 2; App. 100 ¶ 15; R. Doc. 3-5, at 3; App. 102 ¶ 18; R. Doc. 3-6, at 2; App. 106 ¶ 22; R. Doc. 3-7, at 3; App. 109 ¶ 14; R. Doc. 3-8, at 3; App. 111 ¶ 15; R. Doc. 3-9, at 2; App. 116 ¶ 17; R. Doc. 3-10, at 4; App. 119 ¶ 24; R. Doc. 3-

---

[1] The Arc of Iowa advocates for people with intellectual and developmental disabilities and their families. App. 15–16 ¶ 10; R. Doc. 1, at 4-5. Several Plaintiffs are also members of the Arc of Iowa. App. 36 ¶ 66(k); R. Doc. 1, at 25; App. 39 ¶¶ 68(a); 69(h); R. Doc. 1, at 28; App. 41 ¶ 71(i); R. Doc. 1, at 30.

Appellate Case: 22-3338     Page: 11     Date Filed: 03/03/2023 Entry ID: 5251411

11, at 3; App. 122 ¶ 12; R. Doc. 3-12, at 2; App. 124 ¶ 17; R. Doc. 3-13, at 2.

Prior to last school year, some Plaintiffs sought mask-related modifications from their schools. For example, one parent sought an accommodation that her son's teacher wear a mask when she was working one-on-one with him. App. 122 ¶ 9; R. Doc. 3-12; *see also* App. 119 ¶ 18; R. Doc. 3-11, at 3 (requesting that teacher mask and permit student to leave class early to avoid crowded halls); App. 99 ¶ 10; R. Doc. 3-5, at 2 (requesting small groups working with child to be masked); App. 114–115 ¶ 10; R. Doc. 3-10, at 2-3 (requesting voluntarily masking around child, a smaller classroom, and social distancing). Despite her request, Plaintiff's son told her that his teacher did not wear a mask during their one-on-one work. App. 122 ¶ 10; R. Doc. 3-12, at 2. Yet there is no evidence that Plaintiffs took steps to try to enforce the agreed voluntary measures nor to otherwise seek help through available remedies. *See* App. 99; R. Doc. 3-5, at 2, App. 114; R. Doc. 3-10, at 2, App. 119; R. Doc. 3-11, at 3, App. 122; R. Doc. 3-12, at 2.

Instead, Plaintiffs sued Governor Reynolds, Iowa Department of Education Director Ann Lebo, and ten school districts, alleging that section 280.31 violates title II of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act, and the American Rescue Plan Act of 2021 ("ARPA"). *See* App. 42–48 ¶¶ 76–

102; R. Doc. 1, at 31-37. They sought a temporary restraining order and preliminary injunction enjoining enforcement of section 280.31 so that local schools could impose universal mask mandates. App. 48; R. Doc. 1, at 37.

Governor Reynolds and Director Lebo (collectively, "the State") resisted the temporary restraining order and the preliminary injunction. But after conducting a hearing, the district court rejected the State's arguments. The court first entered a temporary restraining order that lasted 14 days—from September 13 through September 27, 2021—enjoining all Defendants "from enforcing Iowa Code section 280.31," before extending that TRO for 14 more days over the State's objection. *Arc of Iowa v. Reynolds*, 2022 WL 16627483, at *1 (S.D. Iowa Nov. 1, 2022).

And then on October 8, 2021, the district court issued a preliminary injunction. *Id.* Rejecting the State's arguments on standing, exhaustion, and the merits, the district court imposed a broad preliminary injunction setting aside enforceability of section 280.31. *Id.*

The State immediately appealed the preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1) and moved to expedite the appeal. *Id.* at *2. This Court granted the motion, setting an expedited briefing schedule and scheduling oral argument.

On January 25, 2022, this Court issued an opinion modifying the scope of the district court's overly broad injunction, limiting its applicability to the schools and districts that Plaintiffs' children attend, and otherwise only enjoining enforcement of the statute when it conflicts with other law. *See Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1182 (8th Cir.), *reh'g granted and opinion vacated*, No. 21-3268, 2022 WL 898781 (8th Cir. Mar. 28, 2022), *and vacated*, 33 F.4th 1042 (8th Cir. 2022).

The State sought rehearing, and on March 28, 2022, the panel accepted vacated its prior ruling. *Arc of Iowa v. Reynolds*, No. 21-3268, 2022 WL 898781, at *1 (8th Cir. Mar. 28, 2022). On May 16, the panel issued a new opinion vacating the district court's injunction as moot and remanded. *Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1045 (8th Cir. 2022). In its ruling, the Court emphasized section 280.31's savings clause and explained that the clause avoided conflict with other State or federal law. *Id.* The opinion also included factual findings about the prevalence of the vaccine and predominance of the less-dangerous Omicron variant over the Delta variant both significantly lessening the risk to Plaintiffs' children. *Id.* at 1044–45.

On remand, the district court considered cross-motions—the State's motion to dismiss and Plaintiffs' motion for summary judgment. It issued an opinion granting the motion to dismiss as to the

Plaintiffs' injunctive relief but granting the declaratory relief that Plaintiffs sought in their motion. *Arc of Iowa*, 2022 WL 16627483, at \*10.

The State timely filed a notice of appeal and asks this Court to reverse the district court's judgment.

Appellate Case: 22-3338    Page: 15    Date Filed: 03/03/2023 Entry ID: 5251411

## SUMMARY OF THE ARGUMENT

During the height of the COVID-19 pandemic, parents were nervous and concerned about their children's health and safety in schools. As the 2021 school year neared its end, and the COVID-19 Delta wave loomed, vaccines and other prophylactic measures were not widely available. Against that backdrop, and balancing the needs of children, school employees, and parents in a pluralistic society, the Legislature passed, and Governor Kim Reynolds signed into law, legislation that prohibited primary and secondary schools from imposing mask mandates on school employees, students, and visitors unless such a mandate was required by another provision of law. Any person was still entitled to choose to don a mask if they so desired.

Then, Plaintiffs sued. As the litigation continued, the district court enjoined enforcement of the law in its entirety, the Eighth Circuit narrowed that injunction, and then it vacated both the injunction and its prior opinion as moot. *See Arc of Iowa v. Reynolds*, 566 F. Supp. 3d 921, 940 (S.D. Iowa 2021) ("*Arc I*") (enjoining section 280.31), *aff'd in part, vacated in part, remanded*, 24 F.4th 1162 (8th Cir. 2022) ("*Arc II*") (modifying the scope of the injunction)*, reh'g granted and opinion vacated*, No. 21-3268, 2022 WL 898781 (8th Cir. Mar. 28, 2022) ("*Arc III*") (vacating panel opinion)*, and vacated*, 33 F.4th 1042 (8th Cir. 2022) ("*Arc IV*") (vacating panel

opinion and preliminary injunction as moot). And now, without an injunction, this case rises on appeal again over the scope of the district court's declaratory judgment. *Arc of Iowa v. Reynolds*, 2022 WL 16627483, at *9 ("*Arc V*") (issuing declaratory relief as to the scope of section 280.31). Like the first injunction, the declaratory relief issued based on several errors of law.

First, Plaintiffs failed to exhaust their administrative remedies under the IDEA prior to filing their lawsuit. As Plaintiffs contend that failure to impose a mask mandate denies them a full in-person public education, they are seeking relief that is also available under the IDEA, and its exhaustion requirements apply. Plaintiffs artfully attempt to plead around the IDEA's administrative exhaustion requirements by bringing a claim under the ADA and the Rehabilitation Act, but such pleading cannot allow Plaintiffs to prematurely bootstrap themselves into federal court.

Second, Plaintiffs lack standing to bring this challenge. Even if failing to impose a mask mandate violates federal law, the declaratory judgment at issue here does not require any party to impose a mask mandate—that decision remains with the local schools. Indeed, given the district court's denial of injunctive relief it is not clear that the remaining declaratory relief alone is sufficient to serve as the basis for a Case or Controversy under the United States Constitution's Article III.

— 10 —

And third, no federal law requires schools to impose or to have the discretion to impose universal mask mandates. Neutral nondiscriminatory policies, like section 280.31, do not violate the ADA nor do they violate the Rehabilitation Act because any denial of benefits is because of the policy, not an individual's disability. Imposing a mask mandate is not a reasonable modification and fundamentally alters the State's education program as set forth in section 280.31. Moreover, partial or full mask mandates impose significant administrative burdens. Such a mandate will infringe on the rights of other students—and may conflict with the needs of some other disabled students. Other reasonable modifications remain available.

The declaratory relief commands schools that find a mask mandate to be a reasonable modification to ignore the State's law prohibiting mandates. *Arc V*, 2022 WL 16627483, at *10. Implicit in the declaration is a finding that mask mandates may be reasonable modifications. That finding raises significant constitutional concerns about the intrusion of the federal government into the public health and education domain of the States. Moreover, at the point at which a school determines that a mask mandate is a reasonable accommodation, it requires schools to violate State law without first attempting to see if a different accommodation can satisfy both State and federal law. *Id.*

Section 280.31 has now been enjoined or otherwise prevented from full enforcement for more than a year. Even as alternatives, evidence, and remedies became available that should avert whatever need may have at one point existed for mask mandates, this case continues. Schools have been forced to wrestle with the implications of a series of Court orders that present a shifting landscape for complying with State and federal law. Students, parents, teachers, schools, and the State need clarity and finality.

The State respectfully requests that this Court vacate the district court's declaratory judgment. In the alternative, the State requests that it modify that declaratory judgment to require a school to attempt to comply with both federal and State law when faced with a request for a reasonable accommodation. To the extent that a school finds a mask mandate is required, that judgment should clarify that the mandate must be as limited in time and scope as is necessary to accommodate learning so that school can again be conducted in the manner decided by the State of Iowa's duly elected Legislature and Governor.

## ARGUMENT

Pending before the Court on this most recent appeal in this ongoing matter are three narrow issues: first, whether Plaintiffs can evade the exhaustion requirement of the IDEA through artful

pleading; second, whether Plaintiffs satisfy standing requirements to bring this suit; and third, if the answer to both preceding questions is yes, is whether the district court's declaratory judgment holding that federal law may require a universal mask mandate as a reasonable accommodation when a disabled student presents an accommodation request to provide a student with safe access to in-person learning is legally sound. The State contends that the correct answer to each question is no, and thus that this Court should vacate the district court's declaratory judgment.

When Plaintiffs first sued, there was no COVID-19 vaccine, the then-prominent Delta strain of COVID-19 posed a higher risk to children than the currently predominating Omicron strains, and the health community was still determining how to best ameliorate the ongoing pandemic. In that context, the district court granted an overly broad preliminary injunction that attempted to enjoin section 280.31 in its entirety. *Arc I*, 566 F. Supp. at 941. The first time this Court addressed the district court's injunction it limited that injunction. *Arc II*, 24 F.4th at 1182. Next, this Court addressed the district court's injunction after Defendants sought rehearing and vacated the preliminary injunction in its entirety. *Arc IV*, 33 F.4th at 1044.

After almost two years and the now-announced official end of the national COVID-19 crisis, this case returns to the Eighth Circuit, albeit with the relief on appeal significantly narrowed. *Arc V*, 2022 WL 16627483, at *10; Executive Office of the President, *Statement of Administration Policy*, https://perma.cc/BTV2-QT6E (Jan. 30, 2023) (announcing a plan "to extend the [COVID-19 national] emergency declarations to May 11"). Now, the declaratory relief granted by the district court allows  section 280.31 to serve as "*one* reason to deny a student's request for accommodation if the school district determines a request for a mask mandate is unreasonable . . . but it cannot be cited as the *only* reason to summarily deny such a request." *Arc V*, 2022 WL 16627483, at *10.

On the merits, that declaratory judgment incorrectly states the law for two reasons. First, at the point at which a reasonable accommodation is necessary, the relevant authority must consider section 280.31 and determine if there is an accommodation that complies with both relevant federal and State statutes.  Second, it must consider whether any given mask mandate imposed is a reasonable accommodation. If Court decides to reach the merits despite the jurisdictional roadblocks, it must vacate the district court's declaratory judgment.

Each of the issues raised in this appeal are raised de novo. First, this Court reviews de novo whether Plaintiffs must exhaust

— 14 —

their administrative remedies under the IDEA. *Nelson v. Charles City Cmty. Sch. Dist.*, 900 F.3d 587, 591 (8th Cir. 2018). Next, this Court also reviews de novo the issue of standing. *McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 708 (8th Cir. 2021). And finally, a district court's grant of summary judgment on Plaintiffs' declaratory judgment is reviewed de novo as well. *Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452, 455 (8th Cir. 2022).

## I. Plaintiffs' failure to exhaust under the IDEA precludes bringing ADA and Rehabilitation Act claims in district court.

Plaintiffs' failure to exhaust the administrative process required under the IDEA renders the subsequent finding and relief issued by the district court premature. *See Arc II,* 24 F.4th at 1182 (Erickson, J., dissenting). The IDEA imposes a requirement that Plaintiffs exhaust their administrative remedies prior to filing suit. 20 U.S.C. § 1415(l).

Plaintiffs attempt to skirt the IDEA by contending that their suit under title II of the ADA and section 504 of the Rehabilitation Act avoids the IDEA's exhaustion requirement. *See*, *e.g.*, Brief for Appellees 21-3268, at *28. Their argument is unavailing given the IDEA's contrary text imposing an exhaustion requirement if Plaintiffs are "seeking relief that is also available under" the IDEA. 20 U.S.C. § 1415(l); *see Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 161

(2017) ("[A] plaintiff bringing suit under the ADA, the Rehabilitation Act, or similar laws must in certain circumstances—that is, when 'seeking relief that is also available under' the IDEA—first exhaust the IDEA's administrative procedures.") (quoting 20 U.S.C. § 1415(l)); *E.T. v. Paxton*, 19 F.4th 760, 767 (5th Cir. 2021) (same).

The IDEA ensures that children with physical or intellectual disabilities receive a "free appropriate public education." *See Fry*, 580 U.S. at 166 (quoting 20 U.S.C. § 1400(d)(1)(A)); *see* 20 U.S.C. § 1412(a)(1)(A). To ensure that qualified students receive a FAPE, the IDEA sets up a comprehensive procedure. *See Fry*, 580 U.S. at 158–59 (describing that process and apologizing for "the acronymic world of federal legislation"). That process begins with the school developing for the student an individualized education program ("IEP"). *Id.* (quoting *Honig v. Doe*, 484 U.S. 305, 311 (1988) and citing 20 U.S.C. § 1414(d)). If a school and family have a dispute over the IEP, the first step is a hearing before a neutral administrative law judge, followed by judicial review in state or federal court. *See id.*; *see also* Iowa Code §§ 256B.2(2), 256B.4, 256B.6; Iowa Admin. Code r. 281-41.321–.328 (IEP process), 281-41.506 (mediations); 281-41.507–.518 (due-process hearings).

Those procedures are required for any dispute that could be seeking relief as available under the IDEA—even without invocation of the IDEA. *Nelson v. Charles City Community Sch. Dist.*, 900

F.3d 587, 591 (8th Cir. 2018) ("A key point for our purposes is that the IDEA exhaustion requirement is not limited to claims formally brought under the IDEA."). Indeed, that includes lawsuits brought under title II of the ADA and section 504 of the Rehabilitation Act if Plaintiffs seek "relief that is also available" under the IDEA. *See Fry*, 580 U.S. at 169–74 (explaining how courts should determine if the relief a plaintiff seeks is subject to IDEA exhaustion and warning that "a 'magic words' approach would make § 1415(l)'s exhaustion rule too easy to bypass"); *E.T.*, 19 F.4th at 766–69 (explaining the plaintiffs' likely failure to satisfy IDEA exhaustion despite pleading claims only under the ADA and Rehabilitation Act). Courts determining whether IDEA exhaustion is required look to "the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Id.*

Two post-*Fry* cases out of the Eighth Circuit demonstrate the applicability of the exhaustion requirement.

First, *Nelson v. Charles City Community School District* affirmed the district court's grant of summary judgment to the district because the plaintiffs failed to exhaust their administrative remedies. 900 F.3d at 589. There, the plaintiff parents wanted to transfer their high school student with disabilities to an online school. *Id.* at 590. While the plaintiffs appealed the denial to the

— 17 —

relief they sought, they did not invoke "the separate set of administrative procedures that were available to them under the IDEA." *Id.* The plaintiffs sued under section 504 of the Rehabilitation Act—still without invoking the IDEA—but lost summary judgment at the district court for failing to exhaust administrative remedies. *Id.* at 591.

The Court held that exhausting IDEA remedies is necessary whenever a plaintiff seeks relief that is available under the IDEA, even if "a plaintiff brings a claim under the Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and other federal laws protecting children with disabilities." *Id.* at 592 (quoting 20 U.S.C. § 1415(l)). *Nelson* continued that a "suit seeks relief that is also available under the IDEA if it 'seek[s] relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.'" *Id.* (quoting *Fry*, 580 U.S. at 165). Looking at the denial of benefits pled in the plaintiffs' complaint, the Court found that their claim "in substance advance[d] a challenge to the denial of a free and appropriate public education." *Id.*

The Court found two hypothetical questions posed in *Fry* to be helpful in deciding whether the claim substantially concerned the "denial of a FAPE, or instead addresse[d] disability-based discrimination." *Id.* The Court raised the following two questions:

— 18 —

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance? . . . [W]hen the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id.*

The Court answered both questions "no." *Id.* The plaintiffs could not "have sued a public theater or library for the mishandling of an application to open-enroll in online educational programming" nor could "an adult employee of a Charles City school have brought essentially the same claim." *Id.* The Court specifically rejected approaching the question at a "high level of generality"—such as characterizing the claim as for "a 'broken promise of non-discriminatory access'"— as that would "assume the answer to the very question at issue." *Id.*

A second case, *J.M. v. Francis Howell Sch. Dist.*, similarly affirmed dismissal of several claims—including under the ADA and Rehabilitation Act—for failure to exhaust under the IDEA. 850 F.3d 944, 948–49 (8th Cir. 2017). The plaintiff in *J.M.* alleged that her elementary-student son had been physically restrained while at the defendant's schools. *Id.* The Court found that her allegations

— 19 —

that his disability denied him "participation in and the benefits of a public education" showed "that the complaint was based on the 'denial of a FAPE' under the IDEA." *Id.* at 949. And it held that despite the lack of explicit reference to either a FAPE or to the IDEA in the plaintiff's suit.

In a slightly different procedural posture, the Fifth Circuit also found it likely that parents of students with disabilities challenging a prohibition on school mask mandates needed to exhaust under the IDEA before suing in federal court. *E.T.*, 19 F.4th at 766. And that was despite those plaintiffs similarly avoiding pleading an IDEA claim. *E.T.* restated the plaintiffs' desired relief as remedying "the deprivation of an in-person state-sponsored education because of their risk of contracting COVID-19 without a mask mandate." *Id.* at 767. Looking at that relief through the two questions *Fry* posed, the court found that the claim could only be brought against a school and could only be brought by a student. *Id.* Given those findings, the court found it very likely that Texas would succeed on the merits of its claim. *Id.*

Here, Plaintiffs repeatedly allege that the lack of a universal mask mandate—or, characterized in the strongest terms for Plaintiffs, the lack of their schools' authority to be able to consider such a mandate—excludes them from receiving their appropriate public

education. *See* App. 30 ¶ 56; R. Doc. 1, at 19 ("Students with disabilities who are unable to safely return to brick-and-mortar schools because of continued health concerns are being excluded from the public school system . . . ."); App. 31 ¶ 59; R. Doc. 1, at 20 ("Iowa state officials have effectively excluded these students from participation in the public education system . . . ."); *id.* ¶ 58 ("Thus, the Defendants' actions will have the perverse effect of either placing children with disabilities in imminent danger or unlawfully forcing those children out of the public school system."); *id.* ¶ 57 (complaining of lack of "virtual learning" and that "virtual learning, even if available, is not a viable or adequate substitute for in person learning"); App. 30 ¶ 54; R. Doc. 1, at 19 (complaining that "Children with disabilities are entitled to learn and interact with all other children, to receive the same education as all other children"); App. 13 ¶ 1; R. Doc. 1, at 2 (alleging schools cannot comply with section 280.31 and still provide "equal access to their education"); *id.* ¶ 2 (alleging student risk harm to health or harm to "their education and development"); App. 23–24 ¶¶ 38–40; R. Doc. 1, at 12-13 (alleging various educational harms to disabled students because of the pandemic).

In sum, Plaintiffs contend that their children are being denied a free and appropriate public education. That injury could be remedied through the administrative remedies provided by the IDEA.

And to the extent the IDEA requires a mask mandate, nothing in section 280.31 precludes that accommodation.

The district court rejected the State's contention that Plaintiffs must exhaust their administrative remedies under the IDEA. 2022 WL 16627483, at *6. Referring generally to *Fry*, the district court explained that it did not believe that a free and appropriate public education was what Plaintiffs sought when asking for their "special needs" students needing to "physically access their schools without the risk of severe illness or death." *Id.*

Instead, the court found that Plaintiffs' children being forced to "choose between their children attending school in person at risk to their health or attend remotely or even not at all" was not a request for a FAPE. *Arc V*, 2022 WL 16627483, at *6. But the district court did not ask either of *Fry*'s two questions, nor did it explain how the relief sought by the students differed from cases that required exhaustion like *Nelson* and *J.M*, nor did it address any of Judge Erickson's concerns raised in the initial panel dissent. *See Arc II*, 24 F.4th at 1183.

To determine whether Plaintiffs need to satisfy administrative exhaustion, this Court must determine whether Plaintiffs allege denial of a FAPE under the IDEA. *See Fry*, 580 U.S. at 166. In *Fry*, a student with cerebral palsy sought to bring a service dog to school rather than using the human aide the school could provide.

— 22 —

*Id.* at 174–75. The plaintiff did not allege any potential denial of access to a FAPE in her complaint. *Id.* The human aide satisfied that plaintiff's educational needs, but the plaintiff contended without the dog she suffered from a lack of access. *Id.* at 175. The Court found that exhaustion was likely not required—but remanded on that question. *Id.*

Unlike the plaintiff in *Fry*, the Complaint raises the denial of a free and appropriate education—with many giving long and reasoned explanations about the lack of safety of in-person school without a mask mandate and the inadequacy of virtual school. *See, e.g.*, App. 30–32 ¶¶ 56–59; R. Doc. 1, at 19-21. Like the plaintiffs in *J.M.* and *Nelson*, the substance of Plaintiffs' complaint is that their child is not being provided an adequate education. *See Nelson*, 900 F.3d at 592. And the other court to rule on this specific issue asked *Fry*'s hypotheticals as to whether this claim could be brought in a non-school or by a non-student and answered both questions "no." *E.g.*, *E.T.*, 19 F.4th at 767.

Plaintiffs' claims are driven by the importance of education and the exclusion from accessing that education due to a lack of mask mandate. The precise type of additional accommodation that could enable their attendance at school requires highly specific and individualized determinations that are common under the IDEA. Each student has different health and educational needs that need

— 23 —

to be addressed. And to the extent Plaintiffs disagree with those decisions, disputes could be adjudicated through the administrative process rather than a lawsuit.

Indeed, the record indicates that some of the Plaintiffs sought individualized solutions for their children other than a universal mask mandate. Those less-extreme solutions included teachers wearing a mask when working on-on-one with the child, special arrangements for avoiding crowded hallways, or masking students only in close contact with the Plaintiff's child. App. 122 ¶ 9; R. Doc. 3-12, at 2; App. 119 ¶ 18; R. Doc. 3-11, at 3; App. 99 ¶ 10; R. Doc. 3-5, at 2. If after following the proper procedures the FAPE required some level of mask mandate on some teachers or students, section 280.31 allows for that in its savings clause.

Accordingly, administrative remedies would provide Plaintiffs with student- and school-specific solutions and procedures to ensure a safe and appropriate education. Plaintiffs have not exhausted their remedies under the IDEA to obtain those solutions, = so their ADA and Rehabilitation Act claims must be dismissed.

## II. Plaintiffs failed to establish Article III standing.

Beyond failing to exhaust the required administrative remedies, Plaintiffs also lack Article III standing. Plaintiffs sued during the height of the COVID-19 pandemic seeking declaratory relief

and a supporting injunction to set aside Iowa Code section 280.31. Now, they have abandoned the declaratory relief stated in their Complaint. Moreover, the district court granted the State's motion to dismiss Plaintiffs' injunctive claim denying a live case or controversy. And even if a live case or controversy exists, the relief accorded by the declaratory judgment is insufficient to grant Plaintiffs the relief they seek.

With neither a live controversy, nor traceability, nor redressability, this Court must reverse and instruct the district court to dismiss this suit for lack of standing.

## A. Declaratory judgment is not justified because section 280.31 does not prevent schools from complying with federal law.

### 1. There is no conflict between federal law and State law sufficient to justify declaratory relief.

Section 280.31 allows a school to impose masking where "the facial covering . . . is required by . . . any other provision of law." Iowa Code § 280.31. Thus, the law does not prohibit masking if required by federal law. This Court agreed, holding that "[i]f another state or federal law requires masks, Section 280.31 does not conflict with that law—and thus should not be completely enjoined." *Arc IV*, 33 F.4th at 1045. It further "emphasize[d] that the parties and district court should pay particular attention to" this exception "to the extent that this case continues." *Id*. Had that been the declaratory

— 25 —

Appellate Case: 22-3338    Page: 32    Date Filed: 03/03/2023 Entry ID: 5251411

and a supporting injunction to set aside Iowa Code section 280.31. Now, they have abandoned the declaratory relief stated in their Complaint. Moreover, the district court granted the State's motion to dismiss Plaintiffs' injunctive claim denying a live case or controversy. And even if a live case or controversy exists, the relief accorded by the declaratory judgment is insufficient to grant Plaintiffs the relief they seek.

With neither a live controversy, nor traceability, nor redressability, this Court must reverse and instruct the district court to dismiss this suit for lack of standing.

## A. Declaratory judgment is not justified because section 280.31 does not prevent schools from complying with federal law.

### 1. There is no conflict between federal law and State law sufficient to justify declaratory relief.

Section 280.31 allows a school to impose masking where "the facial covering . . . is required by . . . any other provision of law." Iowa Code § 280.31. Thus, the law does not prohibit masking if required by federal law. This Court agreed, holding that "[i]f another state or federal law requires masks, Section 280.31 does not conflict with that law—and thus should not be completely enjoined." *Arc IV*, 33 F.4th at 1045. It further "emphasize[d] that the parties and district court should pay particular attention to" this exception "to the extent that this case continues." *Id*. Had that been the declaratory

— 25 —

judgment issued by the district court—whenever a federal law mandates masks, then section 280.31's savings clause applies—this case would be over. Instead, the declaratory judgment below inverts the law by prohibiting schools from considering section 280.31 when it would prohibit a masking requirement.[2]

The State agrees with the district court that federal law does not require that a universal mask mandate be imposed in Iowa schools. But local school decisionmakers are not free to choose to impose a mask mandate either. Each school is obligated to consider both State and federal law when determining whether to impose a universal or more limited mandate. And section 280.31 curtails that choice insofar as a mask mandate is not otherwise required by law.

To the extent Plaintiffs believe a mask mandate is required by federal disability law, then their impediment to relief is not the State and it is not section 280.31. Properly channeled into the IDEA procedures as described above, Plaintiffs can adjudicate any disputes they have about the proper procedure to ensure the students

---

[2] Indeed, two opinions Plaintiffs rely on to support standing have subsequently been vacated for lack of standing or other changed circumstances. *See R. K. by and through J. K. v. Lee*, 53 F.4th 995, 1002 (6th Cir. 2022), *reh'g denied*, 2022 WL 18434486 (6th Cir. Dec. 28, 2022) (vacating injunction for lack of standing); *G.S. by and through Schwaigert v. Lee*, 2022 WL 1560391, at *7 (W.D. Tenn. Mar. 28, 2022) (dismissing case for lack of subject matter jurisdiction despite previous grant of preliminary injunction following passage of a law forbidding mask mandates).

Appellate Case: 22-3338    Page: 33    Date Filed: 03/03/2023 Entry ID: 5251411

receive a free and appropriate public education. Even outside of the IDEA, to the extent Plaintiffs seek a reasonable accommodation, they must do so from the schools. There is no conflict between the State law and federal law sufficient to justify declaratory judgment—the point at which a conflict could occur is the point at which the savings clause allows for masking.[3]

---

[3] Moreover, this Court's assessment on rehearing is that no "court could grant effective relief as sought for the preliminary injunction because enjoining the Defendants' enforcement of Section 280.31 has no effect on Plaintiffs' children, whose risk of contracting COVID-19 at school is now low even without mask requirements, as is their risk of serious injury or death." *Arc of Iowa*, 33 F.4th at 1045. In coming to that decision, the Court explained that changed circumstances and evidence contributed to mooting the district court's injunction. *Id.* at 1044. Since that time, peer-reviewed studies on the real-world efficacy of masks in schools has found little to no impact. *See* Tom Jefferson et al, *Physical Interventions to Interrupt or Reduce the Spread of Respiratory Viruses*, Cochrane Database of Systemic Reviews 2023 (Jan. 30, 2023), Issue 1, Art. No. CD006207, https://perma.cc/6ANM-PUZJ.

Mootness is jurisdictional, and a Court of appeals may look at materials outside the pleadings when determining subject matter jurisdiction. *See Alberty v. United States*, 54 F.4th 571, 575 (8th Cir. 2022); Bret Stephens, *The Mask Mandate Did Nothing. Will Any Lessons Be Learned?*, N.Y. Times, (Feb. 21, 2023), https://perma.cc/6D9D-9DUJ. The State argued and briefed changed circumstances in its Brief in Support of Motion to Dismiss following this Court's recognition of such in its opinion. *See* App. 900–929; R. Doc. 90 (quoting *Arc IV*, 33 F.4th at 1044). These articles provide further recognition that circumstances have changed from when the Complaint was filed.

Appellate Case: 22-3338    Page: 34    Date Filed: 03/03/2023 Entry ID: 5251411

2. *Because the savings clause precludes a conflict between section 280.31 and federal law, Plaintiffs would not be afforded any relief from this action, and the district court's order should be vacated.*

The district court's declaratory judgment does not redress Plaintiffs' harms and is insufficient to find a live case or controversy. *See* U.S. Const. art. III; *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The district court granted the State's motion to dismiss Plaintiffs' injunctive relief claim, granted Plaintiffs' motion for summary judgment, and issued a declaratory judgment. 2022 WL 16627483, at *10. But that raises significant redressability concerns as neither Defendant can effectuate the declaratory relief now at issue in the case. *See Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 957 (8th Cir. 2015) ("Article III requires the plaintiff to show a causal connection between the state officials and the alleged injury."). As a result, Plaintiffs' "injury would" not be "redressed by a favorable decision." *Id.* at 958 (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992)).

— 28 —

The State agrees that to the extent federal law in some circumstance may require some masking, that the masking required by federal law is not prohibited by section 280.31. But that is not what the district court declared. Instead, it inserted a tie-breaking component that prohibits compliance with both State and federal law if State law would be the only impediment to a mask mandate. Given the plain text of the statute, any additional declaratory relief is unjustified.

Moreover, affirming the district court's overly broad declaratory judgment gives no relief to Plaintiffs. Neither the Governor nor the Director can order a specific mask mandate for each Plaintiff's child. Plaintiffs must still seek a mask mandate from the school or other authority figure.

That leads to a major case-or-controversy issue as the judgment on appeal renders the available relief insufficient to satisfy standing as an "essential and unchanging part of the case or controversy requirement." *Id.* at 956 (quoting *Lujan*, 504 U.S. at 550). For declaratory judgment to keep a case live requires that "it must be *the effect of the court's judgment on the defendant* that redresses the plaintiff's injury, whether directly or indirectly." *Id.* (internal citation omitted). Like in *Digital Recognition Network*, Plaintiffs contend that a declaration of applicability or unconstitutionality of the statute "would substantially diminish the risk that the Act

— 29 —

would be enforced: private parties would be less likely to sue . . . and a declaratory judgment would 'create precedent that binds federal and state judges[.]" *Id.* But Plaintiffs argument suffers from the same flaw as in *Digital Recognition Network*—that the declaratory judgment "would not redress [the plaintiff's] injury by virtue of its effect *on the defendant officials.*" *Id.* When the declaratory relief is too attenuated from the actual merits relief sought, this Court has declined to find a justiciable case or controversy.

On this point, *One Thousand Friends of Iowa v. Mineta* is instructive. 364 F.3d 890, 892–93 (8th Cir. 2004). There, this Court dismissed as moot an appeal seeking only declaratory relief regarding the National Environmental Policy Act by finding that there was no live case or controversy. 364 F.3d 890, 892–93 (8th Cir. 2004). One Thousand Friends sued to stop the modification of three highway interchanges in West Des Moines. *Id.* at 892. The district court denied an injunction and the modifications finished prior to resolution of the appeal. *Id.* On appeal, One Thousand Friends sought declaratory relief concerning the remainder of the project, but this Court found that issuing such a declaration would have "no import." *Id.* at 894.

So too here. When the effect of declaratory relief is insufficient to create a live case or controversy, the Court lacks jurisdiction to grant that relief.

## B. Plaintiffs abandoned the declaratory judgment they sought in their Complaint.

The Complaint sought declaratory relief that "HF 847"—enacted as section 280.31—"violates the ADA," "subject[s] the Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act," and "is preempted by the American Rescue Plan Act." App. 48; R. Doc. 1, at 37 ("Prayer for Relief"). But in their motion for summary judgment, Plaintiffs sought two different declarations. First, they sought a declaration that "The term 'other provision[s] of law' as it is used in Section 280.31 include [*sic*] Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act." App. 691 ¶ 2; R. Doc. 88, at 2.

And second, Plaintiffs sought a declaration "That Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." *Id.* Plaintiffs sought, and the district court granted, declaratory relief that was not asked for in the Complaint. *See Arc V*, 2022 WL 16627483, at *10; *cf.* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").

Seeking and receiving relief outside that sought by the Complaint violates both Rule 56 and this Court's precedent. *Winfrey v.*

— 31 —

*City of Forrest City, Ark.*, 882 F.3d 757, 758–59 (8th Cir. 2018). And district courts around the country follow this Circuit's general admonition of seeking and receiving that relief. *See Crow v. Fabian*, 2010 WL 2464865, at \*18 (D. Minn. Feb. 5, 2010) ("If a party cannot raise a new, previously unpled, claim in opposition to another party's summary judgment motion, then a party certainly cannot seek summary judgment for himself on a new claim that has not been pled in his complaint."); *A.L. ex rel. Limkemann v. Jake's Fireworks, Inc.* , 456 F. Supp. 3d 1074, 1082 (S.D. Iowa 2020) (refusing to consider new theories of negligence liability raised in summary judgment briefing and not pled in complaint); *Mt. Hawley Ins. Co. v. HCS 410 Holdings, LLC*, 2021 WL 1550352, at \*3 (W.D. Tex. Apr. 20, 2021) (denying summary judgment on declaratory relief "that is not requested in the Complaint").

Nowhere in their Complaint do Plaintiffs seek a declaration as to the meaning of section 280.31 and its proper implementation regarding its savings clause. App. 48; R. Doc. 1, at 37 ("Prayer for Relief"). The relief is not based on any violation of federal law—and that violation is the only allegation in the three claims of the complaint. *Id.* Plaintiffs' requested and granted declaratory relief is inappropriate and this Court should vacate for lack of standing.

— 32 —

## III. Federal Law Does Not Require Schools to Have the Discretion to Impose Universal Mask Mandates.

Title II of the ADA and section 504 of the Rehabilitation Act require that schools not discriminate against disabled individuals. Courts analyze disability discrimination claims under title II and section 504 together. *See*, *e.g.*, *Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754, 756 (8th Cir. 1998). To avoid liability for unlawful discrimination, schools can make reasonable accommodations for disabled students. But mask mandates are not necessarily reasonable accommodations, nor are they necessarily required by the ADA or Rehabilitation Act.

If this Court declines to find that Plaintiffs failed to exhaust and that they have standing, the State raises three reasons as to why this Court should vacate the granted relief on the merits. First, section 280.31's prohibition on universal mask mandates is neutral and non-discriminatory. Second, a universal mandate is not a reasonable accommodation under the ADA. And third, even if they are reasonable, such accommodations must still comply with both federal and State law.

### C. Section 280.21's Prohibition on Universal Mask Mandates is Neutral and Non-Discriminatory.

Under both title II of the ADA and section 504 of the Rehabilitation Act, "a plaintiff must show that he was a qualified individual with a disability and that he was denied the benefits of a program,

activity, or services by reason of that disability." *Id.* (citing 42 U.S.C. § 12132; 29 U.S.C. § 794(a)). And under those statutes, when the denial occurs because of a neutral nondiscriminatory policy rather than because of a plaintiff's disability, no violation arises. *See id.* at 756–57. Thus, nondiscriminatory policies that apply to all students regardless of disability status do not violate the ADA. *Id.* (quoting *DeBord v. Bd. of Educ. Of Ferguson-Florissant Sch. Dist.*, 126 F.3d 1102, 1105 (8th Cir. 1998)).

Regardless of whether plaintiffs seek to challenge "the wisdom" of a policy, so long as that policy does not violate the federal statutes where it "applies to all students regardless of disability and rests on concerns unrelated to disabilities or misperceptions about them," it does not violate the federal statutes. *Id.* at 756; *see also Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971–72 (8th Cir. 1999)*; DeBord*, 126 F.3d at 1105–06.

The Eighth Circuit has repeatedly held that neutral policies instituted by schools—even without the backing of a specific state law—are not disability discrimination. For example, in *Timothy H.*, this Court held that following a policy that all students in an intra-district transfer program must provide their own transportation is not disability discrimination. 178 F.3d at 972. And in *Davis*, this Court held that following a policy to administer medication in

— 34 —

schools consistent with maximum dosage recommended by the Physician's Desk Reference also failed to constitute disability discrimination. 138 F.3d at 756. The Court found both of those policies acceptable and neither had the further bolstering support of state law.

Section 280.31 enacts a uniform and nondiscriminatory policy that local schools cannot require students, employees, or visitors to wear face coverings unless otherwise required by law or a specific instructional or educational purpose. Iowa Code § 280.31. The law was not passed to single out individuals with disabilities, and it imposes no restrictions on individuals—with or without disabilities. Every student, teacher, and visitor may choose to wear a face covering if they so choose. After passage of section 280.31, a mask mandate as a public health precaution can only be imposed by the Governor as a part of her emergency powers during a public health disaster, rather than by a school district. See Iowa Code §§ 135.144(3), 29C.6.

To the extent that the issue of whether universal mask mandates in the Plaintiffs' children's schools is live, the alleged denial of that mask mandate and the concomitant denial of education is not caused by their disability. To the extent there is a denial at all it is due to a neutral, nondiscriminatory statute. That defeats the statutory element of an ADA and section 504 claim that requires being denied a benefit *because of* a disability. *See Davis*, 138 F.3d

Appellate Case: 22-3338    Page: 42    Date Filed: 03/03/2023 Entry ID: 5251411

at 756. If this Court reaches the merits, it should vacate the declaratory judgment because it is inappropriate given that the purported denial is due to a neutral, nondiscriminatory statute.

### D. A Universal Mask Mandate Is Not a Reasonable Modification.

The district court's declaration implicitly finding that a "reasonable modification or accommodation made under Title II of the ADA or section 504 of the Rehabilitation Act" may include "requiring others to wear masks" goes too far.

A universal mask mandate is not a reasonable modification. Indeed, the Eighth Circuit has not held whether "failure to make reasonable modifications in a policy is itself discrimination even where the policy and its rationale cannot be shown to be discriminatory." *Davis*, 138 F.3d at 757; *see also DeBord*, 126 F.3d at 1106. A modification that imposes an undue administrative burden or a fundamental alteration in the nature of the State's education program is not reasonable. *See Davis*, 138 F.3d at 757 (holding that a request to deviate from the school's medication policy is not reasonable because it would "impose undue financial and administrative burdens on the district by requiring it to determine the safety of the dosage and the likelihood of future harm and liability in each individual case"); *Timothy H*, 178 F.3d at 972–73 (holding that request to establish a special free bus route would be "an undue financial

— 36 —

burden and a fundamental alteration in the nature of the intra-district transfer program"); *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 929–30 (8th Cir. 1994) (holding that request to participate in high school baseball program as a nineteen year old despite uniform age limit was not reasonable modification because it would "constitute a fundamental alteration in the nature of the baseball program" given its intent to protect younger athletes, have fair competition, and discouraging delays in education).

Accommodations are reasonable if they "give [students with disabilities] the same access to the benefits of a public education as all other students." *J.D. ex rel. J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 71 (2d Cir. 2000) (noting that public school districts are not required to provide potential-maximizing accommodations). Provided accommodations are not required to be ideal from the student's perspective, so long as the accommodation is effective. *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 484 (8th Cir. 2007) (holding that employees are not entitled to their ideal accommodations); *US Airways v. Barnett*, 535 U.S. 391, 399 (2002) (recognizing that a reasonable accommodation does not mean the only effective accommodation).

An accommodation is not reasonable if it requires a school district to effect substantial modifications of standards to accommo-

Appellate Case: 22-3338    Page: 44    Date Filed: 03/03/2023 Entry ID: 5251411

date a handicapped individual. *Pottgen*, 40 F.3d at 930. An accommodation is also not reasonable if it imposes undue administrative burdens on the school district and its employees. *Davis*, 138 F.3d at 756. And an accommodation is not reasonable if it infringes upon the rights of third parties. *Wooten v. Farmland Foods*, 58 F.3d 382, 386 (8th Cir. 1995) (holding that an "irritant-free work environment" is not a reasonable accommodation).

Here, modifying the State's policy as enacted in section 280.31 to allow universal mask mandate in schools—or permitting schools to make those decisions in contravention of state law—is an undue burden and fundamentally alters the nature of the educational program established by the State. Moreover, modifying the policy to give schools discretion voids the Legislature's policy decision to take the highly contentious and emotional issue of masks in schools from the responsibility of local schools so that local leadership could devote their time to other important concerns. And any universal mask mandate imposes administrative, financial, and legal burdens that the statute intended to avoid.

Moreover, universal mask mandates are not reasonable modifications because they infringe on the rights of third parties, including other students, employees, and visitors. In *Wooten v. Farmland Foods*, this Court recognized that the ADA does not impose "obligation to terminate other employees" to comply. 58 F.3d at 386.

— 38 —

And in *Buckles v. First Data Resources, Inc.*, this Court rejected that the ADA provided for an "irritant-free work environment" as a reasonable accommodation for an employee with a severe smell sensitivity. 176 F.3d 1098, 1100–02 (8th Cir. 1999). Plaintiffs' desired modification of imposing a universal mask mandate necessarily places a burden on every other student and employee in the school. That is not reasonable.

More than merely imposing that requirement on employees, who are voluntarily working and are paid to comply by their employers' directives, this also imposes a mandate on students who have a right to receive a free public education and are compelled to attend school. At the point at which a reasonable accommodation includes such impositions on third parties, it is not clear where the limitations would be. To extend Plaintiffs' logic one step forward, this Court should consider if the next plaintiff could sue to mandate that all who come in contact with her receive a vaccination for COVID-19. While the State may impose certain mandates under its police powers, particularly during an emergency pandemic, it does not follow that federal disability law extends that same power to impose mandates to private plaintiffs in the name of reasonable accommodation.

Further complicating matters is that disability interests rise on both side of the mask debate, as universal masking may harm

— 39 —

disabled students with social communication issues because it prevents those students from advancing "social skills and understanding the expressions of those around [the student] due to [the] fellow students and teachers wearing masks. App. 342 ¶ 6; R. Doc. 42-2, at 1; App. 341 ¶¶ 9–10; R. Doc. 42-1, at 2. Similarly, it hurts those who struggle with speech and pronunciation, asthma, deafness, and severe and painful sensory processing issues. *See* App. 340–341 ¶¶ 4–6, 7–8; R. Doc. 42-1, at 1-2; App. 344–345 ¶¶ 4–6, 12; R. Doc. 42-3, at 1-2; App. 361–363; R. Doc. 45-1; App. 364–366; R. Doc. 45-2. It is not unreasonable to foresee a circumstance where schools may be forced to consider directly conflicting "reasonable" accommodations or modifications.

Section 280.31 does not preclude Plaintiffs seeking other reasonable modifications consistent with State law and policy. And schools are welcome to engage in constructive discussion to determine what modification may be reasonable. Those could include, for example, greater personal protective equipment for the student (such as a higher quality N95 mask), greater social distancing, or, perhaps if justified by the particular facts, even limited masking of teachers or students while interacting closely with the individual. Those suggestions mirror the recommendations made by the Fifth Circuit, which found that overreliance on mask mandates rest "on

the faulty premise that the *only* accommodation available to plaintiffs is their schools' ability to impose mask mandates." *E.T.*, 19 F.4th at 768. After all, Plaintiffs "are not entitled to their preferred accommodation but only a reasonable" one. *Id.* at 767.

Because the district court went too far by improperly concluded that a universal mask mandate is a reasonable accommodation, the Court should vacate the declaratory judgment below as it fails as a matter of law.

### E. Even if a Universal Mask Mandate Were a Reasonable Accommodation, Reasonable Accommodations Under the ADA Must Still Comply with State Law.

A universal mask mandate is not a reasonable accommodation. But even if it were, reasonable accommodations must still comply with applicable State law. The ADA does not require public schools to provide a students with disabilities the accommodation of her choice. *Huber*, 486 F.3d at 484 (8th Cir. 2007) (holding that the ADA does "not require[] . . . an accommodation that is ideal from the [disabled individual's] perspective"); *see also McElwee v. County of Orange*, 700 F.3d 635, 641 (2d Cir. 2012) ("Although a public entity must make 'reasonable accommodations,' it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice."). That is especially true when the requested accommodation is not available under state

— 41 —

law. *See Eustance v. Springfield Pub. Schs.*, 463 F. Supp. 3d 187, 108, 112, 114, 117 (D. Mass. 2020) (finding that requests for accommodations were properly denied when the requested accommodations were not available under Massachusetts law).

The Supreme Court's decision in *US Airways, Inc. v. Barnett*, which held that internal policies, including seniority policies, were sufficient to overcome requests for accommodation that would otherwise be reasonable, is instructive. 535 U.S. 391, 406 (2002); *see also Off. of Sen. Sergeant at Arms v. Off. of Sen. Fair Empl. Practices*, 95 F.3d 1102, 1107 (Fed. Cir. 1996) ("A qualified individual with a disability is thus entitled to a reasonable accommodation, absent any statutory qualification that may limit the employer's duty to provide such an accommodation.").

So too in *Albertson's Inc. v. Kirkingburg*, which declined to impose liability on an employer for firing an employee that could not meet the nationally proscribed vision standards to drive a truck. 527 U.S. 555, 570 (1996); *see Bey v. City of New York*, 999 F.3d 157, 168 (2d Cir. 2021) (finding *Albertson* instructive to determining the limits of a reasonable accommodation). If reasonable accommodations must adhere to internal company policies, it follows that they must also comply with State law—at least when, as here, State law explicitly fails to conflict with federal law.

— 42 —

The district court's declaration that "Iowa Code section 280.31 cannot be cited as the only basis to deny a student's request for reasonable modification or accommodation" is an unwarranted and atextual read of the law. 2022 WL 16627483, at *10. Section 280.31's savings clause already ensures that there cannot be a conflict between federal disability law and the State prohibition on mask mandates in schools. Iowa Code § 280.31. Without that declaratory relief, a given school may follow the procedures laid out in the IDEA and other disability law as appropriate to determine whether a reasonable accommodation is necessary for a given student, and whether that accommodation requires masking.

Section 280.31 is carefully constructed to avoid any conflicts between federal and State law. Declaratory relief allowing an entity to ignore State law when it does not conflict with federal law is inappropriate. This Court should vacate the declaratory relief forcing that interpretation.

## CONCLUSION

Plaintiffs failed to exhaust their claims under the IDEA, they lack standing, and the declaratory relief they seek is itself a misstatement of law. For those reasons this Court should vacate the decision below.

— 43 —

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

SAMUEL P. LANGHOLZ
Chief Deputy Attorney General

*/s/ Eric H. Wessan*
ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
eric.wessan@ag.iowa.gov

ATTORNEYS FOR
APPELLANTS

— 44 —

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this document contains 9,268 words. It also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. And as required by 8th Cir. R. 28A(h), the brief and addendum have been scanned for viruses and are virus-free.

/s/ *Eric H. Wessan*
Solicitor General

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of March, 2023, this brief was electronically filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ *Eric H. Wessan*
Solicitor General