No. 22–3338

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

THE ARC OF IOWA et al.,

Plaintiffs–Appellees,

vs.

KIM REYNOLDS, in her official capacity
as Governor of Iowa; ANN LEBO, in her official capacity
as Director of the Iowa Department of Education,

Defendants–Appellants,

ANKENY COMMUNITY SCHOOL DISTRICT et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of Iowa

**APPELLANTS' REPLY BRIEF**

BRENNA BIRD
Attorney General of Iowa

SAMUEL P. LANGHOLZ
Chief Deputy Attorney General

ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
eric.wessan@ag.iowa.gov

ATTORNEYS FOR APPELLANTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................4

INTRODUCTION ........................................................................6

ARGUMENT ..............................................................................7

I.  The gravamen of Plaintiffs' claims is failure to provide a free and appropriate education, so Plaintiffs must exhaust their administrative remedies. .........................................................7

    A.  The gravamen of Arc's claim is the failure to provide free and appropriate education.........................................................9

    B.  Plaintiffs failed to exhaust their administrative remedies under IDEA......................................................................17

II.  Plaintiffs lack standing as their suit is neither traceable to the State defendants nor redressable by federal courts.. .............23

    A.  Plaintiffs' alleged injury is not traceable to Defendants..24

    B.  No federal court could redress Arc's alleged injury.. .......27

    C.  There is no live controversy because section 280.31 does not preclude Plaintiffs' sought relief.. ....................................31

III. Section 280.31 does not have a discriminatory effect nor are Plaintiffs' proposed modifications reasonable... .....................33

    A.  Plaintiffs do not allege that section 280.31 has any discriminatory effects... ....................................................33

    B.  A mask mandate is not a reasonable modification... ........34

CONCLUSION ........................................................................36

Appellate Case: 22-3338    Page: 2    Date Filed: 06/26/2023 Entry ID: 5289931

CERTIFICATE OF COMPLIANCE .................................................. 37

CERTIFICATE OF SERVICE ......................................................... 38

CERTIFICATE OF MAILING ........................................................ 39

- 3 -

# TABLE OF AUTHORITIES

Cases

*E.T. v. Paxton ("E.T. I"),*
  19 F.4th 760 (5th Cir. 2021) ........................................ 11, 13, 14, 15, 36
*Arc of Iowa v. Reynolds,*
  24 F.4th 1162 (8th Cir. 2022) ............................................................ 16
*California v. Texas,*
  141 S. Ct. 2104 (2021) ................................................................. 27, 28
*Carroll v. Lawton Ind. Sch. Dist. No. 8,*
  805 F.3d 1222 (10th Cir. 2015) ......................................................... 17
*Chavez ex rel. J.C. v Brownsville Ind. Sch. Dist.,*
  2023 WL 3918987 (5th Cir. June 9, 2023) ......................................... 22
*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 ...................................................................................... 27
*Davis v. Francis Howell Sch. Dist.,*
  138 F.3d 754 (8th Cir. 1998) ............................................................. 35
*DeBord v. Bd. of Educ.,*
  126 F.3d 1102 (8th Cir. 1997) ........................................................... 34
*Doe 1 v. Perkiomen Valley Sch. Dist.,*
  585 F. Supp. 3d 668 (E.D. Penn. 2022) .............................................. 15
*Doe ex rel. K.M. v. Knox Cnty. Bd. of Educ.,*
  56 F.4th 1076 (6th Cir. 2023) ............................................................ 16
*E.T. v. Paxton ("E.T. II"),*
  41 F.4th 709 (5th Cir. 2022) ........................................ 26, 27, 28, 29, 30
*Farley v. Fairfax Cnty. Sch. Bd.,*
  2023 WL 3092979 (4th Cir. Apr. 26, 2023) ....................................... 23
*Fry v. Napoleon Cmty.,*
  *Schs.,* 580 U.S. 154 (2017) ....................... 9, 10 ,12, 13, 14, 15, 16, 17, 21
*Huber v. Wal-Mart Stores, Inc.,*
  486 F.3d 480 (8th Cir. 2007) ............................................................. 35
*I.K. ex rel. Christopher K. v. Manheim Twp. Sch. Dist.,*
  2023 WL 3477830 n.10 (3rd Cir. May 15, 2023) ................................ 22
*J.M. v. Francis Howell Sch. Dist.,*
  850 F.3d 944 (8th Cir. 2017) ............................................................. 20
*Li v. Revere Loc. Sch. Dist.,*

Appellate Case: 22-3338     Page: 4     Date Filed: 06/26/2023 Entry ID: 5289931

2023 WL 3302062 (6th Cir. May 8, 2023) ............................................22

*Liddell v. Special Admin. Bd. of the Transitional Sch. Dist.*,
   894 F.3d 959 (8th Cir. 2018) ........................................11, 12

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) .............................. 24, 25, 27, 28, 29, 30

*Nelson v. Charles City Community School District.*,
   900 F.3d 587 (8th Cir. 2018) ........................................10, 20

*Perez*,
   143 S. Ct. .............................................. 8, 17, 21, 22, 23

*Ringo v. Lombardi*,
   677 F.3d 793 (8th Cir. 2012) ........................................31, 33

*Seamen v. Virginia*,
   593 F. Supp. 3d 293 (W.D. Va. 2022) ...........................15, 16

*US Airways v. Barnett*,
   535 U.S. 391 (2002) ...........................................................35

*Wooten v. Farmland Food*,
   58 F.3d 382 (8th Cir. 1995) ...............................................35

## Statutes

20 U.S.C. § 1414(d) ...................................................................19
20 U.S.C. § 1415(l) .....................................................................9
Iowa Code § 280.31 .. 6, 7, 17, 18, 19, 23, 24, 25, 26, 28, 30, 31, 32, 33, 34, 36

## Regulations

Iowa Admin. Code. R. 281-41-503(1)(a) ...................................19
Iowa Admin. Code R. 281-41.22 ...............................................19
Iowa Admin. Code R. 281-41-507(1)(a) .............................18, 19
Iowa Admin. Code R. 508(2)(f) ..........................................18, 19
Iowa Admin. Code Rs. 281-41.324 ............................................19

Appellate Case: 22-3338    Page: 5    Date Filed: 06/26/2023 Entry ID: 5289931

# **INTRODUCTION**

The Iowa Legislature struck a delicate balance between competing interests when it prohibited mask mandates in schools unless those mandates are required by other law. Iowa Code § 280.31. Concerned parents first requested that teachers and students voluntarily mask around their children. Dissatisfied with the results, the parents should have sought relief through the framework established by the Individuals with Disabilities in Education Act ("IDEA") to get individualized accommodation plans for their children. Under federal law and under Iowa Code section 280.31, those accommodations could include necessary masking.

But unhappy with voluntary measures and unwilling to exhaust administrative remedies, Plaintiffs sued and sought blanket state-wide relief, alleging section 280.31 endangers children with disabilities' educational interests and opportunities. So rather than directing parental concerns through the administrative system created by Congress and the Iowa Legislature to help children with disabilities receive an adequate education, Plaintiffs try to evade that system by prematurely running to the courthouse.

This Court should reject that attempt. First, the gravamen of Plaintiffs' claims is the denial of a free and adequate public education. Thus, Plaintiffs had to exhaust their administrative remedies before suing. They did not. Second, Plaintiffs lack standing because their alleged injuries are not traceable to the State nor redressable by a favorable decision. And finally, section 280.31 conflicts with neither the Americans with Disabilities Act ("ADA") nor the Rehabilitation Act and generalized universal mask mandates are not a reasonable accommodation.

## ARGUMENT

### I. The gravamen of Plaintiffs' claims is failure to provide a free and appropriate education, so Plaintiffs must exhaust their administrative remedies.

Plaintiffs argue that despite their goal being a free and appropriate public education ("FAPE") for children they believe are denied that FAPE due to unsafe conditions caused by COVID-19, they need not exhaust their administrative remedies under IDEA before suing. Appellees' Br. 15. Plaintiffs first argue that the remedy they seek—reducing the risk that children with disabilities will get COVID-19 at school—is unavailable under the IDEA. Appellees' Br. 17. Second, Plaintiffs argue

- 7 -

that they are not seeking redress for failure to provide a FAPE. Appellees' Br. 22. Finally, Plaintiffs argue that the Supreme Court's decision in *Perez* forecloses the State's arguments. Appellees' Br. 26–27.

Plaintiffs meet their burden on none of their arguments. The gravamen of Plaintiffs' complaint is the denial of a FAPE. Although Plaintiffs frame their injury as denial of equal access, the substance of their complaint is that without accommodation, the danger associated with COVID-19 denies children with disabilities a FAPE. And denying a FAPE falls within the core of the IDEA—which requires exhaustion of administrative remedies. Moreover, Plaintiffs cannot revive their flawed theory with *Perez*, as that case's narrow holding found no exhaustion requirement under the IDEA for its plaintiffs to seek compensatory damages. *Perez*, 143 S. Ct. at 864. *Perez* reasoned that as compensatory damages are unavailable under the IDEA, exhaustion would be futile. *Id.* Plaintiffs did not pursue compensatory damages here. Indeed, the only live relief they seek is declaratory judgment—with the goal of that declaration resulting in children's access to their schools.

Appellate Case: 22-3338    Page: 8    Date Filed: 06/26/2023 Entry ID: 5289931

## A. The gravamen of Arc's claim is the failure to provide free and appropriate education.

When plaintiffs claim denial of a FAPE, they must exhaust any available remedies within the state administrative system before suing in federal court. 20 U.S.C. § 1415(l). Plaintiffs cannot evade the IDEA's exhaustion requirement by suing under a different statute. *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 168 (2017). That is because Congress intended IDEA-type claims to be handled by state administrative experts with relevant experience. *Id.* To determine whether a complaint alleges FAPE denial, courts look to the "substance" of the complaint, "setting aside any attempts at artful pleading." *Id.* at 169.

Courts use two hypotheticals to determine whether plaintiffs are trying to artfully plead around IDEA exhaustion. First, courts look at whether plaintiffs could bring essentially the same claim if the conduct occurred at a public facility other than a school. *Id.* at 171. Second, courts look at whether an adult have brought the claim. *Id.* If a court finds that the answer to either hypothetical is yes, then the complaint does not allege a FAPE denial. *Id.* If the answer to both questions is no, then it does. *Id.*

Appellate Case: 22-3338     Page: 9     Date Filed: 06/26/2023 Entry ID: 5289931

Plaintiffs argue that they satisfy both hypotheticals. First, Plaintiffs contend that it could bring similar claims as easily against a library as against a school if the Legislature passed a law preventing libraries from mandating masking. Appellees' Br. 23. Second, Plaintiffs contend that an adult, for example a teacher, could bring a similar claim because the ban on mask mandates places the teacher at a higher risk of contracting COVID-19. Appellees' Br. 24.

Despite contentions to the contrary, Plaintiffs satisfy neither *Fry* hypothetical. In their attempt, they frame their contentions at a high level of generality. But this Court rejected that approach in *Nelson v. Charles City Community School District*. 900 F.3d 587, 592 (8th Cir. 2018). There, the plaintiffs tried to avoid the IDEA's exhaustion requirement by asserting that they had sued "for the 'broken promise of non-discriminatory access'" to services, not a FAPE denial. *Nelson*, 900 F.3d at 592. This Court rejected that argument because "*Fry* did not contemplate such a high level of generality." *Id.* Instead, the Court held that Nelsons' claims alleged a FAPE denial because the allegations specifically focused on the mishandling of a school application, not a general denial of "non-discriminatory access." *Id.*

- 10 -

Similarly, the Fifth Circuit held in *E.T. v. Paxton* that claims must be framed with specificity. 19 F.4th 760, 767 (5th Cir. 2021) ("*E.T. I*"). There, plaintiffs also claimed denial of equal access. *Id.* But the court rejected that framing, for "at base [plaintiffs] allege[d] something very particular: the deprivation of an in-person state-sponsored education of their risk of contracting COVID-19 without a mask mandate." *Id.* Put that way, the claim related to a FAPE denial. *Id.* And there is no reason to distinguish from *E.T. I* here.

Indeed, like in *E.T. I*, Plaintiffs deny that their injury is educational and instead contend that the gravamen of their claim is the denial of equal access. Appellees' Br. 22, 24. Yet a peek at Plaintiffs' standing argument tells a different story. Plaintiffs assert they have standing because of the "injury to [the] children's educational interests and opportunities." Br. 27–28 (quoting *Liddell v. Special Admin. Bd. of the Transitional Sch. Dist.*, 894 F.3d 959, 965 (8th Cir. 2018)). That is buttressed by Plaintiffs' Complaint, which alleges that the harm the children face is the loss of educational opportunities. *See, e.g.*, App. 31 ¶ 59; R. Doc. 1, at 20 ("Iowa state officials have effectively excluded these students from participating in the public education system"); *id.* ¶ 57

Appellate Case: 22-3338     Page: 11     Date Filed: 06/26/2023 Entry ID: 5289931

(explaining that "virtual learning, even if available, is not a viable or adequate substitute for in person learning); App. 30 ¶ 54; R. Doc. 1, at 19 ("Children with disabilities are entitled to learn and interact with all other children, to receive the same education as all other children."); App. 13 ¶ 1; R. Doc. 1, at 2 (alleging that schools cannot refuse masking and still provide "equal access to their education"); *id.* ¶ 2 (stating that students risk harm to their health or "their education and development"); App. 23–24 ¶¶ 38–40; R. Doc. 1, at 12–13 (alleging various educational harms to disabled students because of the pandemic). Thus, Plaintiffs' Complaint and alleged injury point to harm to children's "educational interests and opportunities." Appellees' Br. 27–28 (quoting *Liddell*, 894 F.3d at 965).

The *Fry* hypotheticals confirm that result—Plaintiffs claims could not be brought against another public facility nor by an adult.

First, Plaintiffs could not bring this claim against another public facility. They argue that the ban on mask mandates, whether it be for schools or other public facilities, endangers children's health and denies them safe access. Appellees' Br. 23. But that is not the test. In *Fry*, the Supreme Court did not frame the test as whether a plaintiff could have

- 12 -

"safe" access to a public facility, but "equal" access. *Fry*, 580 U.S. at 171–72. Plaintiffs' version of the hypothetical works only by conflating impediments to physical access (which in the *Fry* hypothetical was a missing ramp) with the speculative risk of getting sick. But speculative risk of illness is not what the ADA and the Rehabilitation Act are designed to address; they are designed to allow every person "to participate equally" in public facilities. *Id.* at 170.

Moreover, the "essential aspect" of Plaintiffs' claim—loss of educational opportunity due to risk of getting COVID-19—could not be brought against another public facility, such as a library or theater. *E.T. I*, 19 F.4th at 767 ("The essential aspect of plaintiffs' claims, access to in-person learning [because of a ban on mask mandates], could not be levied against a 'public facility that was *not* a school.'" (quoting *Fry,* 580 U.S. at 171)).[1]

---

1 Plaintiffs contend that *E.T. I* contradicts *Fry*. Appellees' Br. 26. That is incorrect. In *Fry,* the plaintiff stipulated that her education was adequate. *Fry*, 580 U.S. at 175. In *E.T. I,* the gravamen of the claim was that the children were denied an adequate education because they could not access in-person schooling. *E.T. I*, 19 F.4th at 767. As to the contention that *E.T. I* is nonbinding, it is a published decision that remains equal in persuasive authority regardless here.

Appellate Case: 22-3338     Page: 13     Date Filed: 06/26/2023 Entry ID: 5289931

As to the second *Fry* hypothetical, no adult could bring a similar claim. Plaintiffs argue that a teacher vulnerable to COVID-19 and who needed those around them to mask could bring the same claim for denial of "safe and equal access." Appellees' Br. 24. To make their argument, Plaintiffs subtly change the standard from denial of "equal access" to denial of "safe and equal access." *Id.* It cites no authority for that modification and *Fry* itself only speaks of "equal access." *See Fry*, 580 U.S. at 172.

Nor does a teacher face the same injury alleged here: loss of educational opportunities due to a possible increased risk of COVID-19. *See E.T. I*, 19 F.4th at 767 ("[A] non-student adult at the school could obviously not press the same grievance because he or she would not be at the school to access in-person learning."). *Id.* Even if a teacher brought a claim for failure to impose a mask mandate, that claim would not be seeking the *teacher*'s equal access to education. Plaintiffs' contention that a similar claim would be "based on the denial of safe and equal access to the public school" is unavailing. Appellees' Br. 24.

Finally, Plaintiffs rely on inapposite cases to distinguish *Fry*, particularly with a misplaced focus on physical exclusion from school.

- 14 -

First, both *Seaman v. Virginia* and *Doe 1 v. Perkiomen Valley School District* conflated risk of getting COVID-19 with denial of equal access. *Seamen v. Virginia*, 593 F. Supp. 3d 293, 318–19 (W.D. Va. 2022); *Doe 1 v. Perkiomen Valley Sch. Dist.*, 585 F. Supp. 3d 668, 683 (E.D. Penn. 2022). Both district courts explained that plaintiffs could have brought essentially the same claims against other public facilities or as adults because the lack of masking increased the risk of getting COVID-19. *Seamen*, 593 F. Supp. 3d at 319; *Doe 1*, 585 F. Supp. 3d at 683.

But the increased risk of getting COVID-19—without any analysis about the potential injury—is more attenuated than *Fry*'s contemplated direct exclusion. *Fry*'s service dog or missing wheelchair ramps directly deny disabled children equal access because they would struggle to physically enter the building. *See Fry*, 580 U.S. at 171–72. *Doe 1* and *Seamen*, by contrast, hypothesized that if an individual might get COVID-19, then that denies a child equal access as much as a missing ramp. *Seamen*, 593 F. Supp. 3d at 319; *Doe 1*, 585 F. Supp. 3d at 683. Yet that risk too attenuated. *E.T. I*, 19 F.4th at 767. Not every child attending school without a mask mandate will get COVID-19, and it is unclear the degree to which masking in schools will lower that risk.

Appellate Case: 22-3338    Page: 15    Date Filed: 06/26/2023 Entry ID: 5289931

*Doe ex rel. K.M.* illustrates this. There, a child was forced to leave her classes because her hearing disability made it impossible for her to stay in the same room when other people were eating. *Doe ex rel. K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076, 1078 (6th Cir. 2023) (describing how common noises "force Doe to escape from areas in which she hears them"). That case dealt solely with noninstructional changes that would prohibit classmates from eating in class. *Id.* at 1085–86. It did not affect teachers or their "'content methodology or delivery of' the teaching." By contrast, neither *Seamen* nor *Doe 1* explained how the possibility that someone might get COVID-19 rises to the level of forcing a child to physically leave the classroom because of her disability. *See Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1183 (8th Cir. 2022) (Erickson, J., dissenting) (explaining that "face masks are [not] the equivalent of wheelchair ramps"), *reh'g granted and opinion vacated,* 21-3268, 2022 WL 898781 (8th Cir. Mar. 28, 2022), *and vacated*, 33 F.4th 1042 (8th Cir. 2022)

In sum, Plaintiffs fail to satisfy either *Fry* hypothetical and must satisfy both to succeed. The gravamen of their alleged harm is loss of educational opportunity. A student could not bring this claim against

- 16 -

another public facility, nor could an adult bring this claim against a school. Thus, Plaintiffs' claims are subject to the IDEA.

## B. Plaintiffs failed to exhaust their administrative remedies under IDEA.

Plaintiffs next contend that even if it alleged a FAPE denial, that they did not have to exhaust administrative remedies because the IDEA cannot provide the relief they seek. Appellees' Br. 17. First, Plaintiffs contend that the IDEA cannot provide the substance of the relief sought because it cannot provide a favorable interpretation and implementation of section 280.31. Appellees' Br. 18. Second, Arc argues that IDEA cannot provide the scope of relief because it is individualized, not state-wide. Appellees' Br. 19–20. Finally, it argues that the Supreme Court's decision in *Perez v. Sturgis School District* precludes our exhaustion argument. Appellees' Br. 26–27. Each argument fails.

First, the IDEA provides substantive relief. Plaintiffs seeking a FAPE under the IDEA are not necessarily entitled to the precise relief they seek so long as the available relief allows a student access to a FAPE. Indeed, available relief, under Section 1415, is "not necessarily relief of the kind the person prefers or specifically seeks." *Carroll v. Lawton Ind. Sch. Dist. No. 8*, 805 F.3d 1222 (10th Cir. 2015); *see also Fry*,

Appellate Case: 22-3338    Page: 17    Date Filed: 06/26/2023 Entry ID: 5289931

580 U.S. at 166 ("[R]elief is [a] redress or benefit . . . . And such relief is available . . . when it is accessible or may be obtained." (internal quotation marks omitted)).

Here, the relief Plaintiffs seek is for children to access schools when a mask mandate would be needed to provide the students a FAPE. Appellees' Br. 19, 43–44. Although Plaintiffs on this third appeal insist that they seek only declaratory judgment, that conflates means (the declaratory judgment) with ends (schools imposing mask mandates if they so choose). Nothing in section 280.31 precludes imposition of a mask mandate if that is the only way for a school to comply with federal law.

The ultimate relief sought—a mask mandate—is available under the IDEA. Section 280.31 allows schools to require masks if it "is required by . . . *any other provision of law*." Iowa Code § 280.31 (emphasis added). And Iowa's IDEA system is designed to provide individualized accommodations to children with disabilities, including masking, if needed. *See* Iowa Admin. Code R. 281-41-507(1)(a) (parents may file a complaint about the provision of FAPE to a child); *id.* 281-41-508(2)(f) (parents must provide a proposed solution to the problem involving the disabled child, which could include masking); *id.* 281-41.506(2)(g) (the

results of IDEA mediation proceedings are binding on both state and federal courts); *id.* 281-41-510 (results of resolution are legally binding).

Thus, contrary to Plaintiffs' argument that section 280.31 needs to be "clarified" to permit masking, Appellees' Br. 18–19, masking is already permitted. Iowa Code § 280.31. So if a parent believes that their child needs others to mask because of risks associated with the child's disabilities, they can file a complaint proposing to change or may seek a FAPE for their child. *See* Iowa Admin. Code. Rs. 281-41-503(1)(a), 507(1)(a), 508(2)(f). The administrative process can then either create or modify the child's Individualized Education Plan ("IEP") to require masking so that the child can receive a FAPE. *See* 20 U.S.C. § 1414(d); Iowa Admin. Code Rs. 281-41.22, .324. If a mask mandate is required by federal or other State law, then section 280.31 allows it. Iowa Code § 280.31. So the substance of the relief Plaintiffs seeks is available through administrative remedies and they must exhaust those first.[2]

---

[2] Plaintiffs argue that we contradict ourselves in arguing that section 280.31 can accommodate masking while arguing that masking is not a reasonable accommodation under the ADA or Rehabilitation Act. Appellees' Br. 20–21. But those are two different things. Masks are not appropriate under the ADA or Rehabilitation Act because they are not a reasonable accommodation. Yet that has no bearing on what IEPs schools

- 19 -

Second, the IDEA provides the necessary scope of relief. Plaintiffs insist that the IDEA cannot provide the blanket declaratory relief covering the entire state—rather than individualized accommodations–that it wants. Appellees' Br. 19–20. But Plaintiffs cite no authority suggesting that expanding the scope of desired relief from an individual child to every child with disabilities in the state allows it to evade Section section 1415(l)'s exhaustion requirement.

By that reasoning, the plaintiffs in *Nelson* and *J.M.* could have avoided the IDEA's exhaustion requirement by asking for state-wide relief rather than individualized relief. *Nelson*, 900 F.3d at 592 (holding that plaintiff's claim for individualized relief was subject to IDEA exhaustion); *J.M. v. Francis Howell Sch. Dist.*, 850 F.3d 944, 948–49 (8th Cir. 2017) (similar).

Plaintiffs assert that *Nelson* and *J.M.* are distinguishable because they involved individual, rather than multiple, plaintiffs. Appellees' Br. 20 n.4. But they does not explain why that is a meaningful distinction. Nor does it cite any authority that says having multiple plaintiffs

_____

may choose to craft. And that is the point: the IDEA provides far more flexibility for addressing Plaintiffs' alleged harm in schools than the ADA because it provides individualized relief for each child.

- 20 -

matters. Plaintiffs simply assert such a distinction exists. Nor do Plaintiffs address how lumping multiple claims together defeats the IDEA's system of providing individualized relief for children with disabilities. *Fry*, 580 U.S. at 158.

Thus, rather than the Legislature's carefully created system that tailors relief to the child, Plaintiffs want a one-size-fits-all solution for the entire state. Appellees' Br. 19–21. But nothing in section 1415's text or this Court's precedent supports creating a loophole for artful plaintiffs to evade section 1415(l)'s exhaustion requirement by bundling their claims and requesting sweeping, state-wide relief. And they lack consideration for students that

Finally, *Perez v. Sturgis Public Schools* does not preclude the State's exhaustion argument. Plaintiffs contend that *Perez* eliminates their exhaustion requirement because the relief it seeks is unavailable under the IDEA. Appellees' Br. 27. That misreads *Perez*.

*Perez* hinged on the narrow question of whether a plaintiff exclusively seeking compensatory damages had to exhaust his administrative remedies despite the unavailability of damages under the IDEA. *Perez v. Sturgis Pub. Schs.*, 143 S. Ct. 859, 863 (2023). *Perez*

Appellate Case: 22-3338     Page: 21     Date Filed: 06/26/2023 Entry ID: 5289931

explained that because the plaintiff had received "all the forward-looking equitable relief he sought," he did not have to exhaust his claims for backward-looking compensatory damages. *Id.* at 862–63. Forward-looking claims for equitable relief, however, must still be exhausted. *Id.* at 865 ("[A] plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust [Section] 1415(f) and (g).").

And every Circuit to consider the issue since *Perez* agree that claims for equitable relief still face the IDEA's exhaustion requirement. *See Chavez ex rel. J.C. v Brownsville Ind. Sch. Dist.*, 2023 WL 3918987, at *2 (5th Cir. June 9, 2023) (per curiam) (claims for equitable relief under the ADA were subject to IDEA exhaustion in light of *Perez*); *I.K. ex rel. Christopher K. v. Manheim Twp. Sch. Dist.*, 2023 WL 3477830, at *4 n.10 (3rd Cir. May 15, 2023) (plaintiffs had to exhaust equitable relief claim for compensatory education); *Li v. Revere Loc. Sch. Dist.*, 2023 WL 3302062, at *13 (6th Cir. May 8, 2023) ("It is unclear from the . . . complaint whether [plaintiffs] seek compensatory damages, a form of relief not available under IDEA . . . or some other form of relief like . . .

equitable relief . . . available under the IDEA, and therefore subject to its exhaustion requirement."); *Farley v. Fairfax Cnty. Sch. Bd.*, 2023 WL 3092979, at *1–2 (4th Cir. Apr. 26, 2023) (plaintiffs who brought ADA claims for equitable relief and compensatory damages claim did not have to exhaust the compensatory damages claim).

Because Plaintiffs ultimate relief is equitable—whether characterized as a mask mandate in the form of an injunction or even declaratory relief—they had to exhaust. The State does not contest *Perez* as binding law but believes that its narrow holding is inapplicable to the relief Plaintiffs seek. And the State asks this Court to follow its sister circuits in deciding that *Perez*'s applicability is bound to whether a plaintiff seeks compensatory damages. The district court incorrectly held exhaustion is not required and should be reversed.

## II. Plaintiffs lack standing as their suit is neither traceable to the State defendants nor redressable by federal courts.

Plaintiffs argue that they have standing to bring this suit. They first argue that the children's harm is traceable to Defendants Governor Reynolds and Director Lebo because they enforce section 280.31. Appellees' Br. 29. Second, Plaintiffs contend that their alleged injury in

- 23 -

fact is redressable because the Defendants influence what schools can do. Appellees' Br. 30–32. Finally, Plaintiffs contend that there is a live controversy. Appellees' Br. 34–35. Each of Plaintiffs' contentions fails and so this Court should find that they lack standing to file this lawsuit.

### A. Plaintiffs' alleged injury is not traceable to Defendants.

Plaintiffs argue that its alleged injury is traceable to section 280.31, and by extension, Defendants' enforcement of the statute. Appellees' Br. 28. Plaintiffs argue that without section 280.31, schools could impose mask mandates and students would be protected from COVID-19. *Id.* Because schools cannot impose a mask mandate unless required by law, Plaintiffs argue that the children's risk of getting COVID-19 are traceable to section 280.31, and its enforcers, Defendants. Appellees' Br. 28. That is incorrect.

To begin, Plaintiffs ignore the high standard it must meet when asserting that its injuries stem from a regulated third party, here, the schools. Article III requires that there be a "causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*

- 24 -

*v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). When plaintiffs challenge a government regulating someone other than themselves, it is "ordinarily substantially more difficult" to establish causality. *Id.* at 562. That is because causation hinges on the third party's response rather than the suit's defendants. *Id.* And it is Plaintiffs' burden to show that the regulated third party's choices "have been or will be made in such a manner as to produce causation." *Id.* at 561–62.

Here, Plaintiffs fail to meet that high threshold because their allegations cannot show traceability. First, Plaintiffs fails to trace the requisite link between the alleged harm, the risk of getting COVID-19, and section 280.31.[3] *See Lujan*, 504 U.S. at 560. Plaintiffs assert that but for section 280.31 (1) schools could require masks and (2) students would be protected from COVID-19. Appellees' Br. 28. Neither causal chain is correct. Section 280.31 allows schools to require mask mandates if required by another law. Iowa Code § 280.31. Along similar lines, Plaintiffs insinuate that students cannot be protected without mask

---

[3] The analysis here squarely takes on the strongest form of Plaintiffs' argument—that section 280.31 impedes imposition of a mask mandate. As interpreted by the declaratory judgment issued by the District Court, and defended by Plaintiffs on appeal, it is even less clear what harm Plaintiffs allege.

- 25 -

mandates. *See* Appellees' Br. 28. That is also wrong. Students and teachers can voluntarily wear masks, social distance, use hand sanitizer, and get vaccinated to mitigate risks of COVID-19. *E.T. v. Paxton* ("*E.T. II*"), 41 F.4th 709, 717–18 (5th Cir. 2022) ("[S]chools . . . have numerous alternatives for mitigating the risks of COVID-19 . . . . [And] [p]laintiffs have not even attempted to show that one or any combination of these accommodations is insufficient to mitigate the risks of COVID-19.").

More importantly, even if section 280.31 is why a school declines to impose a mask mandates, Plaintiffs fail to show that section 280.31 caused a sufficient increased risk of COVID-19 to constitute an injury. *Cf. E.T. II*, 41 F.4th at 719–21 (holding that plaintiffs failed to show that risk of getting COVID-19 resulted from a prohibition on mask mandates). Indeed, it is not clear that such an increased risk is cognizable as an injury. *Id.*

Plaintiffs thus fail to "identify any increased risk of contracting [COVID-19] from the prohibition on mask mandates, and any increased risk of suffering complications from a hypothetical [Covid] infection is even more attenuated." *Id.* at 719–20. That is because the risks "could be attributed to any number of variables that have nothing to do with mask

- 26 -

mandates," such as the number of vaccinated children, class sizes, or even actual compliance with mask mandates. *Id.* at 720; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414, 417 nn.5 & 7 (2013) (holding that plaintiffs bear the burden of pleading concrete facts and cannot rely on speculation or conjecture about choices made by independent actors based on subjective fears).

Absent concrete evidence, Plaintiffs' conjectures about what risks may arise because of Defendants' actions "warrant[] no weight." *E.T. II*, 41 F.4th at 720. Thus, Plaintiffs failed to establish traceability, a necessary component of standing, and their case should be dismissed.

**B. No federal court could redress Arc's alleged injury.**

First, and like with traceability, plaintiffs have a higher burden of showing redressability when it hinges on a third party's conduct. *Lujan*, 504 U.S. at 562. Plaintiffs must show that a regulated party "will likely react in predicable ways." *California v. Texas*, 141 S. Ct. 2104, 2117 (2021). And plaintiffs cannot rely on speculation or conjecture about third party choices. *Clapper*, 568 U.S. at 414 n.5.

Plaintiffs argue they establish redressability but each of their arguments fail. First, Plaintiffs contend that "several" schools may

Appellate Case: 22-3338    Page: 27    Date Filed: 06/26/2023 Entry ID: 5289931

implement mask mandates if section 280.31 is reinterpreted. Appellees'
Br. 30–32. Second, Plaintiffs contend that the declaratory judgment will
likely lead to schools reimposing mask mandates. Appellees' Br. 30. And
finally, Plaintiffs contend that even if the declaratory judgment is only a
partial remedy, that a partial remedy redresses their harms. Appellees'
Br. 33. All three contentions fail.

First, *Lujan* imposes a higher standard than accepting speculation
that "several" specified schools may implement mask mandates in
response to the declaratory judgment. *See Lujan*, 504 U.S. at 562
("When . . . a plaintiff's asserted injury arises from the government's
allegedly unlawful regulation . . . of someone else, much more is
needed."). Arc does not meet the "substantially more difficult" standard
in *Lujan*. *Id.*

Like the plaintiffs in *E.T. II*, it is speculative that "some" schools
will return to masking policies if the Court redefines section 280.31 via
declaratory judgment. *See E.T. II*, 41 F.4th at 721. Stating that schools
"may" reimpose mask mandates is not enough; it must be likely and
predictable that schools will react by imposing mask mandates.
*California*, 141 S. Ct. at 2117. Plaintiffs contend that because schools

Appellate Case: 22-3338     Page: 28     Date Filed: 06/26/2023 Entry ID: 5289931

once had mask mandates that they will have them again, but that does not surmount the "substantially more difficult" standard for alleging injury from a third-party. *See Lujan*, 504 U.S. at 562; *E.T. II*, 41 F.4th at 721 ("[E]ven if we affirmed the district court's permanent injunction against the Attorney General, the school districts could drop (and as noted above, have dropped) their mask mandates anyway. That would expose plaintiffs to the exact same risks they otherwise impute to [the mask ban], and no amount of equitable relief against the Attorney General will redress anything."). The Court may also take judicial notice of the very different circumstances of mask mandates in 2023, after both the federal and State governments ended their COVID-19 emergencies from when this suit was first filed.

Plaintiffs, attempt to cast their redressability in terms of "clear[ing] the way" for their desired relief. Appellees' Br. 32–33; *see E.T. II*, 41 F.4th at 721. And like in *E.T. II*, Plaintiffs contend that even if the declaratory judgment does not directly redress their alleged injury, it provides a partial remedy. Appellees' Br. 32–33. "But that is not how redressability works." *E.T. II*, 41 F.4th at 721. Even if an order may "clear the way" for another party to vindicate Plaintiffs' rights, that does not make these

- 29 -

Defendants proper. *See id.* Nor is it sufficient to argue that this is justified as a partial remedy, given that "[e]ven with . . . [a] robust injunction against the Attorney General, all seven . . . schools could—and in fact did—eliminate their mask mandates. Thus the injunction is not a partial remedy of their alleged injuries; it's no remedy at all." *Id.*

And Plaintiffs gloss over how "narrowing" section 280.31's scope decreases the risk of getting COVID-19. Again, section 280.31 does not prevent all masking. Students may voluntarily mask, may seek an IEP, or may seek a modification to their IEP if they believe there is an individualized justification for some amount of masking. Indeed, section 280.31 does not prevent "other particular remed[ies]" Plaintiffs tacitly concede could be adopted "to address the disabilities of Plaintiffs' children." Appellees' Br. 33. This Court should let schools and the experts determine what each student needs, as provided for by State and federal law.

As the Fifth Circuit warned in *E.T. II*, Plaintiffs' theory of standing "is equal parts sweeping and unprecedented." *E.T. II*, 41 F.4th at 722. Plaintiffs' theory of standing encompasses any public facility subject to the ADA: "[r]estaurants, movie theaters, libraries, hotels, grocery stores,

- 30 -

you name it." *Id.* at 721–22. And if masking is a reasonable accommodation required by the ADA, Appellees' Br. 43–44, then future plaintiffs could sue all those institutions demanding that they require masks. In effect, future plaintiffs could use "federal courts to enforce mobile mask mandates that go where plaintiffs go and require everyone around them to wear masks." *Id.* at 722.

This Court should reject such a sweeping theory of standing and hold that Plaintiffs lack standing as their claims are neither traceable nor redressable.

### C. There is no live controversy because section 280.31 does not preclude Plaintiffs' sought relief.

Plaintiffs argue that there is a live controversy because (1) the declaratory judgment is still being litigated and (2) because physicians "opined that [students and teachers] should still mask." Appellees' Br. 34–35. Neither is a basis for a live controversy.

To warrant declaratory judgment, there must be a "substantial controversy" between parties with "adverse legal interests" that is of "sufficient immediacy and reality." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012). No such controversy is present. To manufacture one, Plaintiffs misread section 280.31. They point to testimony that students

Appellate Case: 22-3338    Page: 31    Date Filed: 06/26/2023 Entry ID: 5289931

and teachers should still mask and that schools were uncertain if they could require them to do so as evidence that there is a "substantial controversy" between Parties. Appellees' Br. 34–35.

On closer inspection, however, there is no controversy between Parties. First, if students and teachers wish to mask, section 280.31 does not prevent them from doing so. Iowa Code § 280.31. Students and teachers may mask voluntarily, and concerned parents are also free to ask them to do so. *See*, *e.g.*, App. 122 ¶ 9; R. Doc. 3-12; App. 119 ¶ 18; R. Doc. 3-11, at 3; App. 99 ¶ 10; R. Doc. 3-5, at 2; App. 114–15 ¶ 10; R. Doc. 3-10, at 2–3. Second, the alleged uncertainty is not justified given the statute's plain text. Section 280.31 forbids mask mandates unless masking is required by other law. Iowa Code § 280.31. And if there is a dispute over whether another law requires a given mask mandate, that could, eventually, present a ripe lawsuit.

The reliance on opinions that some students and teachers should still mask is similarly unavailing. *See* Appellee's Br. 34–35. As explained above, any student or teacher may choose to mask. And to the extent they want an individualized remedy seeking some subset of other students to

- 32 -

mask—whether that be other students in a classroom or even a school-wide mandate—the proper mechanism to seek that relief is via IEP.

Thus, there is no "substantial controversy" as section 280.31 does not prevent masking in schools nor does it prevent schools from requiring masking if required by other law. And without a substantial controversy, the district court did not have jurisdiction to issue declaratory relief. *See Ringo*, 677 F.3d at 796.

## III. Section 280.31 does not have a discriminatory effect nor are Plaintiffs' proposed modifications reasonable.

Plaintiffs argue that declaratory judgment was appropriate under the ADA and Section 504. Appellees' Br. 38. Their first contention is that because the ADA and Section 504 reach policies with discriminatory effects even if those policies do not discriminate on their face that they apply. Appellees' Br. 38–42. And second, that masking is a reasonable modification under federal law. Appellees' Br. 43–47. Neither is correct.

### A. Plaintiffs do not allege that section 280.31 has any discriminatory effects.

Plaintiffs cannot contend that section 280.31's text shows discriminatory intent, so they are left to argue that courts look beyond the face of a statute to whether it has discriminatory effects in violation

- 33 -

of the ADA. Appellees' Br. 38. True enough. *DeBord v. Bd. of Educ.*, 126 F.3d 1102, 1105 (8th Cir. 1997). Plaintiffs' problem is they fail to identify section 280.31's discriminatory effect—regardless of whether that discriminatory effect is implicit. Instead, Plaintiffs incorrectly assert that Defendants contend that courts are blind to discriminatory effects. Appellees' Br. 33–36, 39–40.

At no point do Plaintiffs explain how section 280.31 has a discriminatory effect on children with disabilities. Nor could they. Section 280.31 enacts a neutral and nondiscriminatory policy that schools cannot require masks unless otherwise required by law. Iowa Code § 280.31. It applies to children, teachers, and adults alike, regardless of disability status. And any student can request an IEP that to ensure their access to a FAPE. If that requires masking, then section 280.31 is not an impediment. Thus, section 280.31 is valid because it does not have a discriminatory effect.

### B. A mask mandate is not a reasonable modification.

Plaintiffs next contend that a mask mandate could be a reasonable modification under the ADA. Appellees' Br. 43. Their declaratory judgment, they assert, enables schools to consider whether a masking

Appellate Case: 22-3338    Page: 34    Date Filed: 06/26/2023 Entry ID: 5289931

requirement would be a reasonable modification and to adjust accordingly. Appellees' Br. 44.

Yet Plaintiffs never says that masking is a reasonable modification, only that it might be and that it is up to the schools to decide. *Id.* In doing so, Plaintiffs create for themselves a logic problem. This Court has held that "failure to make a reasonable modification . . . is itself discrimination even where the policy and its rationale cannot be shown to be discriminatory." *Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754, 757 (8th Cir. 1998). So if a mask mandate is a needed reasonable accommodation, denial of that mandate necessarily entails discrimination. Under that logic, schools should have to impose mask mandates. But Plaintiffs have not even established that failure to impose a mask mandate is discriminatory, much less that schools must use Plaintiffs' preferred accommodation rather than any effective one. *See*, *e.g.*, *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 484 (8th Cir. 2007) (holding that employees are not entitled to ideal accommodations, only effective ones); *US Airways v. Barnett*, 535 U.S. 391, 399 (2002) (similar); *Wooten v. Farmland Food*, 58 F.3d 382, 386 (8th Cir. 1995) (holding that

Appellate Case: 22-3338    Page: 35    Date Filed: 06/26/2023 Entry ID: 5289931

an accommodation that infringes on third parties' rights is not reasonable).

Finally, Plaintiffs do not explain why masking is the only reasonable modification when the Legislature allows schools to take any number of equally effective steps to ensure that children with disabilities are safe. *E.T. I*, 19 F.4th at 767–68 (holding that plaintiffs demanding a mask mandate "are not entitled to their preferred accommodation but only a reasonable one").

Plaintiffs has failed to establish that section 280.31 is discriminatory in effect. It has also failed to establish that allowing schools to require mask mandates is the only reasonable and effective accommodation the State can provide.

## CONCLUSION

For the above reasons, this Court should reject that attempt and reverse the district court.

- 36 -

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume requirements limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 6273 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.

This brief has been scanned for viruses and is virus free.

*/s/ Eric H. Wessan*
Eric H. Wessan
Solicitor General

Appellate Case: 22-3338    Page: 37    Date Filed: 06/26/2023 Entry ID: 5289931

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, I electronically filed the foregoing paper with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

**DATE:** June 26, 2023

*/s/ Eric H. Wessan*
Eric H. Wessan
Solicitor General

Appellate Case: 22-3338    Page: 38    Date Filed: 06/26/2023 Entry ID: 5289931